In the Matter of the Accounting of FLORENCE F. GROSS, as Administratrix of the Estate of ALBERT LIEBMAN, Deceased.

Surrogate's Court, New York County, December 28, 1945.

*Mortimer Scope* for petitioner.

*William A. Hyman* for Aetna Casualty and Surety Company, respondent.

*Alexander & Ash* for (American) Lumbermens Mutual Casualty Company of Illinois, respondent.

*John F. X. McGohey, United States Attorney,* for Collector of Internal Revenue, respondent.

*Prince & Loeb* for Sidney J. Loeb, respondent.

*John J. O'Connor* for United States Fidelity & Guaranty Co., respondent.

COLLINS, S. In this accounting by the administratrix of the estate of the decedent, objections have been filed by two insurance companies, the Aetna Casualty and Surety Company and the (American) Lumbermens Mutual Casualty Company of Illinois. The objections of each company are substantially similar. Each company objects to the inclusion in schedule A of the account as moneys belonging to the estate, of the sum of $2,154.64, cash in bank in the Corn Exchange Bank and Trust Company, upon the ground that such moneys constitute trust funds held by the decedent for various insurance companies, and that of that amount, $900.92 was money belonging to the Aetna Casualty and Surety Company and $1,048.82 was money belonging to the (American) Lumbermens Mutual Casualty Company of Illinois.

The decedent during his lifetime was an insurance broker. Section 125 of the Insurance Law makes every insurance agent and every insurance broker acting as such in this State responsible in a fiduciary capacity for all funds received or collected by him as such and requires that he shall not, without the express consent of his principal, mingle any such fund with his own funds or with funds held by him in any other capacity. He is not required however to maintain a separate bank deposit for the funds of each principal, if and as long as the funds so held for each principal are reasonably ascertainable from the books and accounts of such agent or broker, as the case may be.

It is admitted by the administratrix that the moneys deposited by the decedent in his account during the period beginning about November 15, 1943, and ending February 10, 1944, the day before his death, comprised premiums collected by him upon insurance policies of the objectants and other insurance companies.

It has been established to the satisfaction of the court that the amounts on deposit in the bank account of the decedent at all times exceeded the combined indebtedness of the decedent to the Aetna Casualty and Surety Company and to the (American) Lumbermens Mutual Casualty Company of Illinois.

Other than the two objecting companies, no other insurance companies have filed claims to the moneys on deposit in the decedent's bank account as trust funds. The total of the claims of the objectants amounts to $1,949.74. There was on deposit in the bank account of the decedent the sum of $2,154.64. The **administratrix has not shown that any of the funds deposited**

in the bank account as belonging to other insurance companies were claimed as trust funds. From her own account (schedule D) it would appear that the claims of creditors which were insurance companies other than the claims of the objectants could at most amount to $234.09, making a total of claims filed by insurance companies of $2,183.83, or $29.19 in excess of the amount actually on deposit in the decedent's bank account at the date of his death. Whether or not the sum of $234.09 constituting claims of the other insurance companies comprise trust funds has not been established. If they had been shown to be trust funds, then each claimant here would have been entitled to share *pro tanto* in the amount on deposit. In the absence of such proof, the only claimants who have established their rights to priority in the fund, are the two objectants who have traced and identified the funds in the bank account of the decedent as moneys belonging to them.

It is asserted by the administratrix that the decedent's account contained personal moneys as well as moneys consisting of premiums collected for insurance companies and that therefore the identification of the funds could not be made. It is a principle well established that the mere fact that a claimant's money is mingled with money of the wrongdoer does not preclude the claimant from tracing his money into the mingled fund and enforcing an equitable lien upon it. Where a person who is a conscious wrongdoer mingles money of the claimant with money of his own and thereafter withdraws and dissipates a part of the mingled fund, the claimant is entitled to enforce an equitable lien upon the part of the fund which remains. Where the wrongdoer is insolvent, the claimant is entitled to priority over the general creditors of the wrongdoer in collecting his claim out of the balance of the fund. (3 Scott on Trusts, §§ 515, 517; Restatement, Restitution, §§ 209, 210, 211.) The claims of the objectants that the funds in the bank account of the decedent at the date of his death constituted trust funds for the payment of their claims are accordingly sustained.

Since the funds to which the objectants are here found to be entitled never belonged to the decedent, they are not assets of the estate and are therefore not subject to any charge for administration expenses.

The compensation for the attorney for the administratrix is fixed and allowed in the amount requested by him.

The decree shall provide first, for the payment of the claims of the objectants. If any funds are left, they are applicable to the payment of administration expenses. Except as herein

determined the remaining objections filed by the objectants are academic.

Submit decree on notice directing payment of the moneys due the objectants and settling the account.