353 F.2d 935
 Adolph SONNENSCHEIN, Isidore Sonnenschein and Harry L. Bermack, individually and as co-partners doing business under the firm name and style of Stratford Factors and the co-partnership known as Stratford Factors, Appellants,
v.
RELIANCE INSURANCE CO., and Merchants Fire Assurance Corp. of New York, Appellees.
In the Matter of Adolph Sonnenschein et al., Debtors.
 United States Court of Appeals Second Circuit.
 Argued October 22, 1965.
 Decided December 10, 1965.
 
 W. Harvey Mayer, New York City, (Friedlander & Gaines, New York City, on the brief; Saul Brenner, New York City, of counsel), for appellants.
 Herman B. Zipser, New York City (Herman L. Falk, New York City, on the brief), for appellees.
 Before WATERMAN and MOORE, Circuit Judges, and TYLER, District Judge.
 MOORE, Circuit Judge:
 
 
 1
 In 1959, Waldeck & Schwartz, Inc., the licensed insurance agent of appellees, Reliance Insurance Company and Merchants Fire Assurance Corporation of New York (claimants), entered into a contract with appellants, partners in Stratford Factors Company (debtors), pursuant to which the agent transferred insurance premiums due to the claimants to the factoring company as security for loans and advances. Checks sent to the insurance agent by brokers or assureds were reforwarded to the factoring company and deposited by it in a general account. A few years later, the debtors instituted Chapter XI bankruptcy proceedings and in January 1964 the claimants sought to reclaim the sum of $22,159.93 from the debtors by means of a turn-over proceeding initiated before the Bankruptcy Referee. The claimants contended that the sum was not part of the debtor's general assets but constituted a trust fund,[1] inaccessible to general creditors. The schedule of assets filed by the debtors in the bankruptcy proceedings indicated that, as of October 15, 1963, they had $538.89 in cash and $64,735.53 in accounts receivable. The Referee concluded that the claimants were entitled to immediate payment of $22,159.93 since the debtors had failed to show that they were not presently in possession and control of the trust funds. The debtors petitioned the United States District Court for the Southern District of New York for review of the Referee's order urging that the Referee erred in placing the burden on them to disprove present possession of the trust funds. Judge Herlands upheld the Referee's order maintaining that, under governing New York law, "once it is established that the debtors hold funds in trust for the insurance companies, nothing more is necessary * * * to impress an equitable lien upon the assets of the debtor equal to the amount of said funds."
 
 
 2
 On appeal, the debtors do not contest the fact that they received trust funds belonging to the claimants. Moreover, they have no quarrel with the principle that an equitable lien attaches to trust funds in the possession of a debtor in bankruptcy which is not defeated by commingling the trust moneys with other funds. See 4 Collier, Bankruptcy ¶ 70.25[1] (14th ed. 1964). The sole issue raised relates to the proper allocation of the burden of proof where a trust beneficiary attempts to reclaim trust funds from the general assets of a debtor in bankruptcy, viz., whether the claimant insurance companies were required to trace, i.e., specifically identify in original or substituted form, the insurance premiums into the debtors' present assets in order to enforce their equitable lien? Confronted by the fact that the $22,159.93 claim had to be satisfied out of assets consisting of $538.89 cash and $64,735.53 accounts receivable, the Referee and District Court in awarding payment relied on the proposition that, in order to obtain repayment, a trust beneficiary is only required to show that trust funds at some time passed into the hands of a debtor in bankruptcy. However, that proposition is contrary to the well-established rule that
 
 
 3
 "to sustain a claim to trust property or to an equitable lien thereon, the claimant must depend upon his ability to identify the property in its original or substituted form in the hands of the [debtor] * * * The basic idea of the trust doctrine as applied in bankruptcy is a fair and reasonable identification of the property or fund so as not to harm other creditors. It is not enough, therefore, to show merely that the funds or property came into the bankrupt's hands * * * the claimant must assume the burden of ascertaining and tracing the trust property, and where it is alleged that such property has been converted into other property in the hands of the bankrupt, the claimant has the burden of tracing the trust property therein." 4 Collier, supra ¶ 70.25[2], at 1215-17, 1218. See also Schuyler v. Littlefield, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806 (1914) and cases cited in 4 Collier, supra ¶ 70.25[1], at 1205 n. 8.
 
 
 4
 With respect to any portion of trust funds that cannot be sufficiently identified or traced, the trust beneficiary must prove his claim as a general creditor against the debtor's estate. E.g., Gulf Petroleum, S.A. v. Collazo, 316 F.2d 257, 261-62 (1st Cir. 1963); 4 Collier, supra. This rule has been consistently followed in this circuit, e.g., In re A. D. Matthews' Sons, 238 F. 785 (2d Cir. 1916); see Malone v. Gimpel, 151 F.Supp. 549, 554 (N.D.N.Y.1956), aff'd 244 F.2d 954 (2d Cir. 1957), and in the New York State courts. See, e.g., In re Title & Mortgage Guarantee Co., 246 App.Div. 435, 284 N.Y.S. 335 (4th Dept. 1935), aff'd 270 N.Y. 629, 1 N.E.2d 364 (1936); cf. Estate of Liebman, 189 Misc. 282, 60 N.Y.S. 482 (Surr.Ct.1945).[2] Claimants' contention that In re Heintzelman Const. Co., 34 F.Supp. 109 (W.D.N.Y.1940) sets forth a contrary rule is without merit. There, a bankruptcy trustee received fiduciary funds as avails from improvements made on the bankrupt's property by the claimants (laborers and materialmen) and he deposited the funds in court. It was determined that identification of the funds was unnecessary since they had been paid directly into court by the trustee; had never been mingled with other funds of the bankrupt; and had not been dissipated. See also Scott, Trusts § 521 at 3328 (2d ed. 1956) (identification unnecessary where funds collected by public officer). The circumstances here are vastly different. The funds were paid to the debtor prior to the bankruptcy proceedings; they were mingled with other funds of the debtor, i.e., placed in a general account; and they were dissipated, e. g., the debtor's cash supply of $538.89 obviously could not satisfy the $22,159.93 claim. Surely, the $22,159.93 of trust funds could not be identified per se with "accounts receivable" and no effort was made by the claimants to demonstrate that the funds impressed with the fiduciary trust were transferred by the debtors as factoring advances to other concerns which, in turn, assigned their accounts receivable to the debtors as security for such advances. Since the claimants failed to trace the trust funds into the debtors' present assets, they fall prey to the reluctance of the courts to indulge in the presumption that general assets include money previously withdrawn or its products, e.g., In re Title & Mortgage Guarantee Co., supra; see Scott, supra, § 521 (3), and the resultant principle that where mingled funds are withdrawn, "the equity of the cestui is lost although moneys from other sources are subsequently deposited in the same account." 4 Collier, supra, ¶ 70.25[2], at 1220-21.
 
 
 5
 Reversed.
 
 
 
 Notes:
 
 
 [1]
 Funds collected by a licensed insurance agent are deemed to be trust funds under New York law. N.Y.Ins.Law, McKinney's Consol.Laws, c. 28, § 125
 
 
 [2]
 While it is clear that state law governs whether a trust relationship exists, the question of whether state or federal law governs the extent to which a trust beneficiary must identify trust property has not been authoritatively settled. 4 Collier, Bankruptcy ¶ 70.25 [2] at 1222-25 (14 ed. 1964). But see Malone v. Gimpel, 151 F.Supp. 549, 553-54 (N.D. N.Y.1956), aff'd, 244 F.2d 954 (2d Cir. 1957) (state law should control identification of trust property). The problem arises due to the possible conflict between state trust law and the distributive provisions of the Bankruptcy Act, e.g., a state rule that fastens a lien on the bankrupt's general assets, in effect, constitutes a priority incompatible with the order of distribution prescribed by federal law. 4 Collier, supra at 1224. However, in this case the problem is academic since both state and federal law require specific identification of trust funds in order to obtain priority over general creditors of a bankrupt. See text accompanying footnote 2
 Judge Herlands' reliance on Estate of Liebman, 189 Misc. 282, 60 N.Y.S.2d 482 (Surr.Ct.1945) to support the award of funds to claimants was misplaced, for the court there required identification which the debtors argue should have been required here. In Liebman, two insurance companies were permitted to claim from an estate certain insurance premiums deposited by the decedent-insurance agent two weeks prior to his death in his personal bank account. The administratrix unsuccessfully argued that, since the account contained personal funds, the identification requirement had not been satisfied. The court, finding that the companies had specifically identified their funds, stated that the mere fact that trust funds are mingled with other moneys does not prejudice a beneficiary's interest or prevent tracing. Id. at 483.