■ In the Matter of the Estate of HAROLD SOUTHMAYD, Deceased. IOLA DOUGLAS, as Administratrix of the Estate of HAROLD SOUTHMAYD, Deceased, et al., Respondents; LYNN SOUTHMAYD, Appellant.—Appeal from a decree of the Surrogate's Court of Essex County, entered December 22, 1975, which, *inter alia,* denied appellant's claim against decedent's estate. On August 6, 1970, decedent mailed a check in the amount of $5,000 to the Burlington Savings Bank for the purpose of establishing a savings account in that bank. The money was a gift to decedent from appellant, his son, and in a note enclosed with the check decedent instructed the bank to "put money in Harold S. Southmayd or Lynn, Box 406, Ausable Forks, New York 12912". The bank thereupon deposited the money in an account set up in the names of decedent and appellant and returned the passbook with the usual accompanying signature card to decedent. For his part, decedent immediately

mailed the passbook back to the bank with explicit instruction that the account was to be an individual account in his name only and, in compliance with this request, such an individual account was established by the bank. Thereafter, until his death on February 4, 1972, decedent retained continuous possession of the passbook and the account remained dormant. Contending that decedent had created a joint account with a right of survivorship by the initial mailing of the $5,000 check to the bank and that he, as joint tenant, was entitled to the funds in the account at decedent's death, appellant proceeded to file a claim against decedent's estate in the amount of $5,000 plus interest from August 11, 1970. The Surrogate rejected this argument, however, and found that a joint account with right of survivorship had not been created by decedent and that the $5,000 belonged to decedent individually and, upon his death, became the property of his estate. This appeal ensued. We agree with the Surrogate that a joint account was not created and, accordingly, its decree must be affirmed. Even considered in a light most favorable to appellant, decedent's initial instruction to the bank, i.e., "put money in Harold S. Southmayd or Lynn", was at best ambiguous and in need of clarification, and with the delays necessarily resulting from banking by mail procedures, decedent acted as soon as possible to clarify his wishes by his later express direction that the account was to be an individual one in his name only. Moreover, by his own testimony, appellant conceded that he gave the $5,000 to his father, and, consequently, decedent was entitled to employ the funds as he saw fit. In this regard, nothing in decedent's actions or communications to the bank indicated that appellant was to have a right of survivorship in the account (cf. *Matter of Thomas*, 43 AD2d 446; *Lombardi v First Nat. Bank of Hancock*, 23 AD2d 713). Under these circumstances, we conclude that the $5,000 deposit was not completed until after decedent's clarifying instruction was acted upon by the bank and that no account was finally created until that time. Such being the case, the funds remaining in the account at decedent's death are clearly the property of his estate. Decree affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.