In the Matter of MAHON INDUSTRIAL CORPORATION, a Michigan corporation, Debtor.

CONSTRUCTION PIPE COMPANY, INC., a Michigan corporation, Plaintiff,

v.

MAHON INDUSTRIAL CORPORATION, a Michigan corporation, and Ford Motor Company, a Delaware corporation, Defendants.

Bankruptcy No. 80–01254–W. Adv. No. 81–1128–W.

United States Bankruptcy Court, E. D. Michigan, S. D.

May 28, 1982.

Mark McGowan, Detroit, Mich., for Const. Pipe Co.

Peter A. Nathan, Detroit, Mich., for Mahon Indus. Corp.

Arnold G. Shulman, Dearborn, Mich., for Ford Motor Co.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

Ford Motor Company (Ford) hired Mahon Industrial Corporation (Mahon) to be the general contractor with regard to the construction of a body phosphate machine at the Ford Assembly Plant in Claycoma, Missouri (Kansas City Job). Pursuant to a written purchase order, dated November 22, 1976, Mahon hired Construction Pipe Company as a subcontractor to provide certain labor and materials with respect to the job. In this regard, there is no question that Construction Pipe properly provided the services and materials for which it was retained and that it was fully paid by Mahon. Subsequent to November 22, 1976, Mahon requested Construction Pipe to provide certain labor and materials over and above those specified in the November 22 purchase order. This work was in connection with the installation of the body phosphate machine on the second floor rather than on the ground floor of the plant and concerned the installation of mechanical piping. Mahon apparently agreed to pay Construction Pipe additional compensation for this extra work. Construction Pipe claims it has not been paid $40,335.00 for performing the above mentioned work.

On March 7, 1978, Construction Pipe filed a complaint against Mahon in the Saginaw County Circuit Court which sought, among other things, to recover the $40,335.00. An invoice, dated June 13, 1978, purported to reflect an offer of settlement by Ford to Mahon in the amount of $20,000.00 which would have been considered full settlement of the Mahon claims. Mahon apparently rejected this offer. On March 27, 1979, Mahon filed a third party complaint against Ford claiming $298,077.00. This complaint specifically listed the $40,335.00 claimed by Construction Pipe. On January 29, 1980, a settlement in the amount of $3,870,486.00 was entered into between Ford and Mahon. The settlement agreement recited that Mahon had performed certain multiple jobs for Ford at Ford plants and that Mahon had claimed money in excess of purchase order amounts for a variety of reasons. The first paragraph of the agreement reads:

"Ford shall pay to Mahon the sum of $3,870,486.00 (settlement fund) in full and complete satisfaction of any and all claims of whatsoever kind or nature which Mahon has or may have against Ford as of the date thereof."

Paragraph 2 of the agreement states: "Mahon hereby releases Ford from all claims, of whatsoever kind or nature, it has against Ford as of the date hereof, except payment of $3,870,486.00 in accordance with paragraph 1 above, and agrees to dismiss with prejudice all pending litigation by Ford, wherever pending."

In connection with this agreement, Ford prepared a stipulation and order for dismissal of the third party complaint. The order was signed February 26, 1980. In addition to the settlement, Ford agreed to allow Mahon to try and collect the $20,000.00 previously credited to Mahon by way of the June 13, 1978 purchase order, since that amount had already been invoiced by Ford.

On February 13, 1980, an involuntary bankruptcy petition was filed against Mahon under Chapter 7 of the Bankruptcy Code. The case was converted to Chapter 11 on March 14, 1980 and was reconverted to Chapter 7 on August 4, 1981.

This Court has issued a number of orders for the release of all but approximately $318,000.00 of the fund created by the settlement agreement. A large number of claims against Mahon were thereby settled. The Construction Pipe claim was not included.

At the pre-trial hearing on this matter, counsel for Mahon argued that the Michigan Builders Trust Fund Act was inapplicable as against the debtor. On November 24, 1981, the Court ruled that the Act was applicable and that Construction Pipe be awarded the $20,000.00 held by Ford pursuant to Ford's June 13, 1978 invoice. The Court further provided for the possibility of additional payments to Construction Pipe under the Builders Trust Fund theory pending future findings of this Court. The total amount of the Construction Pipe claim is less than that currently remaining in the settlement fund.

At trial, John D. Frimberger, president of Mahon, testified that Mahon demanded payment from Ford for certain extras. This demand was in the form of a letter dated August 10, 1977. The letter lists $211,613.00 claimed by Mahon against Ford. This figure represents the amount Mahon owed to its piping contractor which Frimberger indicated as being Construction Pipe.

As to the $20,000.00 invoiced by Ford as a purported settlement, Frimberger testified that Mahon did not respond to this offer and believed it to be rejected.

Frimberger further testified that the complaint filed by Mahon against Ford specifically included the plaintiff's claim against Mahon; that Mahon sued Ford on a number of other claims for jobs throughout the country for extras such as those involved herein; and that the claims of Construction Pipe were outstanding prior to the settlement. Frimberger believed that all the money received by Mahon through the settlement was to be used to satisfy all claims including the plaintiff's.

James Irvine, called as a witness, had represented Ford in the negotiations regarding the extras. He explained that the purpose of the settlement agreement was to allow Mahon to pay off the claims and have a little extra left over to stay in business. The agreement required $870,000.00 to be held back in regard to various jobs. The balance of the fund was to be used as an "umbrella" for settling all "known and unknown claims." There was therefore no specific allocation of the money to any of the claims which were outstanding. Irvine simply stated that Ford was to pay for all the jobs done for Ford by Mahon. Further testimony revealed that he knew nothing of the claim by Construction Pipe as of January 29, 1980.

The settlement fund is held in trust by Mahon pursuant to the Michigan Builders Trust Fund Act, M.C.L.A. § 570.151, which reads:

"In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes."

Mahon concedes it holds the settlement funds in trust under the Act but alleges that in order for Construction Pipe to make a claim against the funds, it must be able to trace the funds to the Kansas City Job. Mahon contends that the plaintiff cannot trace the funds since the Kansas City Job was not included in the settlement agreement with Ford.

Construction Pipe maintains it has traced its claim from the Kansas City Job to the settlement fund. The fact that it presented its claim in letter form to Mahon and that said claim was not settled as of January 29, 1980, reflects that it was a claim within the

meaning of the settlement agreement and therefore was intended to be included therein. Construction Pipe contends it has further satisfied the tracing requirement because its Kansas City claim is specifically mentioned in the third party complaint by Mahon against Ford, which complaint was dismissed in lieu of the settlement agreement.

The plaintiff has the burden of proving its title to the funds. It must establish the original trust relationship, identify the trust fund and, where the fund has been commingled with the general property of the debtor, sufficiently trace the trust fund. See *Schuyler v. Littlefield*, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806 (1914); *American Service Company v. Henderson*, 120 F.2d 525 (4th Cir. 1941). The plaintiff is required to specifically identify, either in original or substituted form, the settlement funds from which it claims it is owed. See *Sonnenschein v. Reliance Insurance Company*, 353 F.2d 935 (2d Cir. 1965). Further, where the funds were commingled it has been held that the tracing requirement is satisfied if the claimant can clearly show that his property went into the common mass of property which came into the hands of the trustee. *Johnson v. Morris*, 175 F.2d 65 (10th Cir. 1949).

In the instant case, the trust relationship is conceded and the trust fund has been identified. The only question remaining, therefore, is whether the plaintiff has sufficiently traced its property. This question can be answered by determining whether the claim by the plaintiff for its Kansas City work was included in the settlement agreement executed by Ford and Mahon.

The testimony presented before this Court shows that the Construction Pipe claim was outstanding at the time of the settlement agreement and that said claim was included in the third party complaint by Mahon against Ford which was settled pursuant to the agreement.

The settlement agreement purported to settle all claims of "whatsoever kind or nature", whether known or unknown. Mahon attempted to show through Mr. Irvine that the Construction Pipe claim was not known by Irvine at the time of the settlement and therefore could not have been included. In light of the testimony that all claims known and unknown were to be settled, this Court would be hard pressed to find that the agreement settled all the claims listed by Mahon in the third party complaint except those of Construction Pipe. Additionally, testimony by Frimberger revealed that he believed the purpose of the agreement was to settle all claims including that of the plaintiff.

The broad language of the settlement agreement and the testimony before this Court clearly indicate the fact that the Construction Pipe claim was included in the settlement agreement and that it was to be settled thereby.

This Court agrees that the plaintiff has sufficiently traced its claim from the Kansas City Job to the settlement fund and hence plaintiff is entitled to be paid out of those funds.

An award is hereby made of $40,335.00, less $20,000.00 received, to the plaintiff Construction Pipe Company, Inc. No interest is awarded.

So ordered.