■ In the Matter of the Estate of Jack Steinberg, Deceased. Joseph M. Gould, Respondent; Leonard Brodsky, Appellant. — In a proceeding pursuant to SCPA 2103, the appeal is from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated July 5, 1983, which, after a nonjury trial, *inter alia,* adjudged that the proceeds, with accrued interest thereon, of two bank accounts constitute assets of the decedent's estate.

Decree affirmed, with costs, payable by appellant personally.

Upon our review of the record, we find that decedent's lack of capacity at the time the two joint bank accounts in question were created was established by clear and convincing evidence. The record further supports the Surrogate's determination that appellant abused the confidential relationship he enjoyed with decedent and that appellant's testimony was not credible. Accordingly, the Surrogate properly decreed that the proceeds of the two accounts constitute assets of the estate (see Banking Law, § 675; *Allen v La Vaud,* 213 NY 322; *Matter of Poggemeyer,* 87 AD2d 822). Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.