# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**322**
**CA 15-01481**
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

BEVERLY A. ZOELLER, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

LAKE SHORE SAVINGS BANK, DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (DANIEL B. MOAR OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROBSHAW & VOELKL, P.C., WILLIAMSVILLE (JEFFREY F. VOELKL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered April 30, 2015. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this negligence and breach of contract action seeking damages for defendant's alleged improper and/or unauthorized removal of her as a beneficiary of three bank accounts maintained by her mother with defendant. Plaintiff's mother (hereafter, decedent) died on January 22, 2008, and the Public Administrator was appointed to administer her estate. The three accounts in question were marshaled by the Public Administrator and listed as assets of the estate in the judicial accountings in Surrogate's Court. Plaintiff appeared in the Surrogate's Court proceeding and raised objections in opposition to the petition for judicial settlement, but her objections did not address the accounts at issue. The Surrogate issued a final decree settling the accounts of the Public Administrator, and the funds from the three accounts were paid to decedent's creditors and otherwise distributed in accordance with the decree. Defendant now appeals from that part of an order denying its motion for summary judgment dismissing plaintiff's complaint on the ground of, inter alia, res judicata. We reverse the order insofar as appealed from, grant the motion, and dismiss the complaint.

Initially, we note that the motion ground advanced by defendant is more specifically characterized as offensive collateral estoppel, which is "a component of the broader doctrine of res judicata"

(*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485; *see generally Goldstein v Consolidated Edison Co. of N.Y.*, 93 AD2d 589, 590-591, *affd* 62 NY2d 936, *cert denied* 469 US 1210). Here, defendant contends that the prior decree of the Surrogate is conclusive on the issue whether the three bank accounts were assets of decedent's estate or the sole property of plaintiff. It is well settled that an accounting decree is "conclusive as to issues that were decided as well as those that could have been raised in the accounting" (*Matter of Hunter*, 4 NY3d 260, 270; *see Pray v Hegeman*, 98 NY 351, 358). We reject plaintiff's contention that the doctrine of res judicata is not available to defendant as a defense because defendant was not a party to the Surrogate's Court proceeding. The " 'doctrine of mutuality' is a dead letter" in New York (*B. R. DeWitt, Inc. v Hall*, 19 NY2d 141, 147). "[T]he fact that a party has not had his day in court on an issue as *against a particular litigant* is not decisive in determining whether the defense of *res judicata* is applicable" (*Israel v Wood Dolson Co.*, 1 NY2d 116, 119). "New York law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71).

We conclude that the issue whether the three bank accounts were assets of decedent's estate or the sole property of plaintiff is identical to the issue finally determined by the Surrogate's decree. With respect to the full and fair opportunity to litigate the proper ownership of the accounts, we further conclude that Surrogate's Court was clearly an appropriate forum for plaintiff to have raised and litigated that issue (*see Matter of Magacs*, 227 AD2d 760, 760-761; *Matter of Steinberg*, 107 AD2d 811, 811, *lv denied* 64 NY2d 611; *see also Matter of Liebman*, 189 Misc 282, 283-284). Moreover, plaintiff had available to her the alternate procedural pathway of filing a claim in order to litigate the ownership of the accounts (*see* SCPA 2105; *Matter of Southmayd*, 59 AD2d 956, 956-957; *see generally Matter of Glen*, 247 App Div 518, 519, *affd* 272 NY 530, *rearg denied* 272 NY 640). Nonetheless, plaintiff failed to challenge the ownership of the accounts notwithstanding the full and fair opportunity to do so in Surrogate's Court. We therefore conclude that the Surrogate's decree is conclusive as to the ownership of the accounts and that defendant is entitled to summary judgment dismissing the complaint.

In light of our determination, we do not consider defendant's remaining contentions.

Entered: June 10, 2016                    Frances E. Cafarell
                                          Clerk of the Court