■ In the Matter of MURIEL PHELPS, Petitioner, v BERNHARDT KRAMER, as Commissioner of the Ulster County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the State Commissioner of Social Services which denied petitioner's application for medical assistance pursuant to title 11 of the Social Services Law. ¶ Petitioner, a 63-year-old woman, applied for and was granted Medicaid benefits by the Ulster County Department of Social Services (department) effective October 1, 1982. At the time of her application, petitioner reported resources of $33.50 in a bank account. In February of 1983, the department became aware of the existence of several joint bank accounts totaling $31,573.22 which list petitioner as a joint owner along with Florence Eveleigh, her half-sister and landlady. The department determined that one half of that amount was available to petitioner and, since such share was in excess of the eligibility limit, issued a notice of discontinuance effective February 28, 1983. Petitioner requested a fair hearing. Based on the hearing, the State Commissioner of Social Services (commissioner) affirmed the prior determination. Petitioner commenced a CPLR article 78 proceeding challenging the commissioner's determination, and such proceeding has been transferred to this court for disposition. ¶ The commissioner's determination is arbitrary, capricious and unsupported by the evidence in the record and must, therefore, be annulled. ¶ Applicants for public assistance have the burden of establishing every aspect of their eligibility (*Matter of Gilbert v Blum*, 90 AD2d 288, 290, app dsmd 59 NY2d 760). When eligibility rests on the applicant's resources, such resources must be actually available to the applicant (*Matter of Dumbleton v Reed*, 40 NY2d 586). Section 675 of the Banking Law provides a presumption that the parties to a joint bank account

---

* When the petition was initially filed, petitioner was an inmate at Great Meadow Correctional Facility.

are entitled to equal shares of the account. Such presumption is not conclusive, but may be rebutted by evidence that the joint account was established as a convenience and not with the intention of conferring a beneficial interest on the other parties to the account (*Phillips v Phillips*, 70 AD2d 30, 38). ¶ In this case, while petitioner testified that she did not specifically recall having joined with Eveleigh in creating the accounts, the signature cards establishing such fact were admitted into evidence. Petitioner testified that she did not deposit any funds into the accounts at the time of their creation or thereafter. She stated that she was never given any of the passbooks and has never made any withdrawals from the accounts. She testified that she never considered any of the funds in the accounts to be hers. Petitioner also offered the testimony of Eveleigh, who stated that she created the accounts for her own convenience. She was never married and had no living relatives other than petitioner. Petitioner's name was placed on the accounts so that, if Eveleigh became hospitalized or disabled, petitioner could pay Eveleigh's bills for her. She corroborated petitioner's testimony that petitioner never made any deposits to or withdrawals from the accounts, and that petitioner was never in possession of the passbooks. Finally, Eveleigh testified that all of the money in the accounts belonged to her and not to petitioner. This evidence, if believed, clearly rebuts the presumption created by section 675 of the Banking Law. The department offered absolutely no evidence to challenge petitioner's proof or to impeach the credibility of the witnesses. The only evidence offered by the department was the testimony of one of its welfare examiners, who was not an attorney, regarding her view of how section 675 of the Banking Law should be interpreted. ¶ Faced with this uncontradicted testimony to rebut the statutory presumption, the commissioner did not question the evidence or the credibility of the witnesses. Rather, he held that, since petitioner knowingly signed the signature cards, she must be considered to own one half of the funds in the accounts. This holding is patently incorrect since it amounts to a conclusion that the mere knowing creation of a joint account raises an irrebuttable presumption that the parties to the account share equally in the funds. Such a holding is in direct contravention of the statute. ¶ Since the uncontradicted evidence of petitioner rebuts the presumption created by section 675 of the Banking Law, none of the funds in the joint accounts at issue are available to petitioner. No rational reading of the record could support the commissioner's decision to the contrary. ¶ Determination annulled, and petition granted, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.