■ In the Matter of the Estate of JOHN G. ZECCA, Deceased. JOHN A. ZECCA, as Administrator of the Estate of JOHN G. ZECCA, Deceased, Appellant; BARBARA A. ZECCA, Respondent. —Kane, J. Appeals (1) from an order of the Surrogate's Court of Saratoga County (Simone, Jr., S.), entered November 4, 1988, which adjudged that petitioner was not a joint tenant with decedent as to certain bank accounts, and (2) from an order of said court, entered December 7, 1988, which denied petitioner's motion to vacate the prior order.

Decedent held 10 savings accounts in which respondent, his mother, was named guardian. On December 3, 1981, after having turned 18, decedent changed the names of the accounts so that instead they were in his name and the name of petitioner, his father. The phrase "EITHER TO DRAW AND THE SURVIVOR" was stamped on each account. However, the words "2 SIGNATURES NEEDED FOR WITHDRAWAL" were also typed and underlined in red on each account. Thereafter, on February 20, 1982, decedent died intestate and petitioner was named administrator of his estate. Petitioner filed an accounting which did not include the 10 bank accounts as assets of the estate. Respondent filed objections to the accounting claiming, *inter alia,* that the funds in these accounts were part of decedent's estate. After a trial without a jury, Surrogate's Court determined that the bank accounts were not true joint accounts but merely convenience accounts and therefore should have been listed as estate assets. Petitioner's subsequent motion to vacate the court's decision was denied. Petitioner has appealed from both the court's initial decision, as well as its denial of his vacatur motion.

Decedent furnished all of the money in each of the accounts; this, however, is not automatically inconsistent with a finding of joint tenancy *(see, Mitchiner v Bowery Sav. Bank,* 31 AD2d 803). The opening of an account with the words "either/or and the survivor" creates the statutory presumption that a joint tenancy was created (Banking Law § 675 [b]). However, this presumption may be rebutted if it is shown that the party opening the account established it "for convenience and not with the intention of conferring a present beneficial interest" on the cotenant *(Matter of Friedman,* 104 AD2d 366, 367, *affd*

64 NY2d 743). In a true joint account, each party has the right to withdraw one half of the funds *(Matter of Bobeck,* 143 AD2d 90, 92) during the lifetime of both tenants *(Gotte v Long Is. Trust Co.,* 133 AD2d 212, 215); in other words, at the time the account was opened, there must have been a present gift from the original donor to the cotenant of one half of the account which each could withdraw unilaterally while both were alive *(Matter of Filfiley,* 63 Misc 2d 824, 827, *affd* 43 AD2d 981; *see, Matter of Kleinberg v Heller,* 38 NY2d 836, 840-841 [Fuchsberg, J., concurring]).

Here, we agree with the conclusion of Surrogate's Court that the proof in this case established that decedent, in placing the money in the bank accounts in his and petitioner's name, did not intend to make a present gift of one half of the funds. Due to the "2 signatures" language, neither decedent nor petitioner could separately withdraw any funds. This language was specifically included at both the request of decedent and petitioner. This, in our view, destroyed the presumption afforded by Banking Law § 675 (b). Additionally, at trial, the bank officer who opened the accounts testified that she stamped each account with the "either/or" language as a matter of "bank policy". When asked if she made decedent and petitioner aware of the significance of this language, she stated only that to the "best of my knowledge, I would have done that". She had no specific recollection of having done so. Therefore, the presumption of a joint tenancy was overcome and Surrogate's Court properly determined that the subject bank accounts were established as a matter of convenience.

Petitioner, however, also contends that even if they were not joint bank accounts, he is still entitled to one half of the proceeds as a tenant in common. However, once it was determined that the accounts were opened as a matter of convenience, there was no presumption that a right of survivorship was intended *(see, Lombardi v First Natl. Bank,* 23 AD2d 713; *Matter of Filfiley, supra,* at 826). While petitioner was free to prove that decedent intended that he obtain survivorship rights, petitioner failed to show that anything in decedent's actions or communications with the bank indicated such survivorship rights *(see, Matter of Southmayd,* 59 AD2d 956, 957). Surrogate's Court noted that decedent was only 18 at the time, the funds were entirely his and he was changing the accounts over from guardianship accounts. We agree that this all evidenced a desire that the change over to include petitioner's name was done only as a matter of convenience. Petition-

er's proof did not show anything to the contrary which would support his assertion of any rights of survivorship. Therefore, all of the funds remaining in the accounts at decedent's death were the property of the estate (see, supra, at 957; *Matter of Stanley*, 8 AD2d 866).

Orders affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ. concur.