■ ALIANO, ALIANO & ALIANO et al., Appellants, v MADELAINE ALIANO et al., Respondents. [674 NYS2d 404] —In an ac-

tion, *inter alia,* to impose a constructive trust on certain business assets, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated July 29, 1997, as granted that branch of the defendants' motion which was to dismiss the first cause of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs Robert J. Aliano and Richard A. Aliano, former partners of the decedent Anthony A. Aliano, had entered into an agreement with the decedent which provided that one-third of the value of their partnership would be paid to the decedent's estate over a five-year period after his death. The decedent left all of his estate to his wife, the defendant Madelaine Aliano. The plaintiffs commenced this action seeking, *inter alia*, to impose a constructive trust upon the business assets of Madelaine Aliano claiming that she misappropriated the decedent's partnership share for her own use instead of for the benefit of her daughters as she had allegedly promised the plaintiffs.

The plaintiffs have no standing to maintain the instant cause of action. Even assuming the truth of the allegations, the plaintiffs have failed to show that they have been injured in fact or that they are the beneficiaries of any promise made by the defendant Madelaine Aliano (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; *Matter of Wells,* 36 AD2d 471, *affd* 29 NY2d 931). Thus, the first cause of action was properly dismissed. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.