■ In the Matter of the Estate of JOHN W. DONAHUE, Deceased. GINGERLYN J. MOSHER, as Administrator of the Estate of JOHN W. DONAHUE, Deceased, Respondent; SHARON CLARK, Appellant. [692 NYS2d 225] —Mikoll, J. P. Appeal from an order of the Surrogate's Court of Tompkins County (Sherman, S.), entered February 4, 1998, which, inter alia, directed respondent to turn over certain funds to the estate.

Decedent, a lifelong resident of Tompkins County, began a romantic relationship with respondent in 1979. In the winter of 1986-1987, they traveled to Florida with a camper trailer and set up winter residence there. Thereafter, they established an annual pattern of staying in Florida from October to May or June and then returning to Tompkins County, where they resided in property owned by decedent. While in Florida, decedent and respondent lived in a trailer which was titled in their names. They also purchased a motor vehicle in Florida which was titled in their names. Decedent maintained a bank account in Florida and, in 1994, he added respondent's name to the account. In February 1997, decedent died intestate in Florida.

After a hearing to determine the rights of the estate and respondent with regard to the Florida property, Surrogate's Court

determined that decedent was domiciled in New York at the time of his death and that the money in the Florida bank account belonged to the estate. With regard to the trailer and motor vehicle, the court concluded that respondent and the estate were tenants in common. Respondent appeals.

Surrogate's Court correctly concluded the decedent was domiciled in New York. It is undisputed that prior to the winter of 1986-1987, decedent was domiciled in New York and, therefore, respondent, as the party claiming a change of domicile, had the burden of demonstrating such a change by clear and convincing evidence (*see, Matter of Urdang*, 194 AD2d 615; *Matter of Gadway*, 123 AD2d 83, 85). The factors upon which respondent relies, including the length of time that decedent spent in Florida and the titling of the trailer and vehicle there, do not demonstrate decedent's clear intent to change his domicile to Florida. In addition, decedent maintained his New York driver's license and had his retirement check and other business mail sent to his Tompkins County property, where he returned every year.

Inasmuch as decedent remained domiciled in New York, Surrogate's Court correctly applied New York law in determining ownership of the Florida personal property (*see*, EPTL 3-5.1 [b] [2]; *Southeast Bank v Lawrence*, 66 NY2d 910, 912). There is, therefore, no merit to respondent's argument that Florida Law applies to the trailer, which remained personal property, and vehicle titled in Florida. Neither title expressly declares decedent and respondent to be joint tenants and, therefore, the court correctly concluded that they were tenants in common (*see*, EPTL 6-2.2 [a]).

With regard to the bank account, in the absence of survivorship language on the signature card, there is no presumption that decedent intended to create a joint account with a right of survivorship under Banking Law § 675 (*see, Matter of Timoshevich*, 133 AD2d 1011, 1012). Instead of demonstrating decedent's intent to create a joint account with a right of survivorship, the record, including evidence that the account was funded entirely by decedent with respondent's name added as a convenience in the payment of bills and the absence of any evidence that a gift was intended, supports the conclusion by Surrogate's Court that the addition of respondent's name did not give rise to a tenancy in common (*see, Matter of Klecar*, 207 AD2d 732; *Matter of Coppola*, 189 AD2d 933, 934). The court correctly determined ownership of the items at issue and, therefore, the order will not be disturbed.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.