■ HELEN E. FISCHEDICK, Appellant, v FRANCES M. HEIT-MANN, Respondent. [699 NYS2d 508] —Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered February 17, 1999 in Saratoga County, upon a decision of the court in favor of defendant.

Following the termination of her 20-year relationship with defendant, plaintiff commenced this partition action alleging, *inter alia*, that she possessed an undivided one-half interest in five mutual fund accounts established by the parties during the course of their relationship. All five accounts designated the parties as either "joint tenants" or "joint tenants with right of survivorship", with plaintiff's name appearing first on three of the accounts (which had been funded solely with plaintiff's money) and defendant's name appearing first on the two remaining accounts (which had been funded solely with defendant's money). Following a nonjury trial, Supreme Court ruled in favor of defendant on her counterclaim seeking unequal division of the accounts and determined that each party was to retain sole possession of the accounts on which her name appeared first. Plaintiff appeals.

We reject plaintiff's contention that Supreme Court erred in ruling that she was not entitled to an equal share of the two mutual fund accounts bearing defendant's name first. The statutory presumption that the creation of a joint account confers an equal ownership interest in each of the named owners (*see,* Banking Law § 675 [b]) is not conclusive, and may be rebutted by evidence that the joint account was established as a convenience and not with the intention of conferring a present beneficial interest on the other party to the account (*see, Matter of Zecca,* 152 AD2d 830, *lv denied* 75 NY2d 706). Defendant testified that when she opened the accounts she did not intend plaintiff to acquire any ownership interest therein and designated plaintiff as joint tenant for the sole purpose of permitting plaintiff to gain access to the funds on her behalf in the event of an emergency. Moreover, the two accounts at issue were funded solely with money provided by defendant's father. In addition, plaintiff never withdrew from nor deposited any funds into these accounts, the parties paid taxes only on the accounts bearing their own name first, and the parties had other joint savings accounts, which they considered separate property that were set up for convenience purposes. We agree with the conclusion of Supreme Court that this proof was sufficient to rebut the statutory presumption inasmuch as it demonstrated defendant's intent that the joint tenancy designations serve as a convenience rather than as a present gift to

plaintiff of one half of the funds in the accounts (*see, Matter of Zecca, supra*). Accordingly, the judgment of Supreme Court is affirmed.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.