■ ANTHONY SPERRAZZA, Appellant, v JOSEPHINE KAIL et al., Respondents. [699 NYS2d 609] —Carpinello, J. Appeal from an order of the Supreme Court (Cobb, J.), entered September 9, 1998 in Columbia County, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of liability for conversion of two joint bank accounts.

Plaintiff and defendant Josephine Kail (hereinafter Kail) are the only children of Maria Sperrazza. Prior to 1985, Sperrazza had established two bank accounts—one titled in her name jointly with plaintiff and one titled in her name jointly with Kail. In 1985, Sperrazza transferred these funds to two bank accounts, both in the name of plaintiff and Kail jointly. According to Kail, her mother's name was removed to protect her assets in the event she needed to qualify for Medicaid benefits later in life. From this point on, however, Kail was concerned that her children (defendants John Kail, Andrea Kail and Mary Ellen Sansano [hereinafter with Kail collectively referred to as defendants]) would not receive any of these funds in the event she predeceased her brother because each enjoyed the right of survivorship in both accounts.

After plaintiff refused Kail's requests to add her children's

names to the accounts, Kail closed both accounts on July 17, 1989 without plaintiff's permission or consent and eventually deposited *all* of the funds, totaling $86,571.61, into the accounts of her children. As relevant here, plaintiff seeks to recover for Kail's conversion of one half of these funds and appeals from an order of Supreme Court denying him partial summary judgment on the issue of liability for this conversion.

A cotenant of a joint bank account has an ownership interest in one half of the moneys deposited therein and a concomitant right to recover any amount withdrawn by another tenant in excess of this sum (*see, Matter of Kleinberg v Heller*, 38 NY2d 836, 842 [Fuchsberg, J., concurring]; *Matter of Mullen v Linnane*, 218 AD2d 50, 55). While the establishment of the joint bank accounts in the names of plaintiff and Kail created a presumption that a one-half interest in the funds was conferred upon each (*see*, Banking Law § 675; *see also, Matter of Mullen v Linnane, supra*, at 52), it was unnecessary for plaintiff to rely solely on this statutory presumption to support his motion for summary judgment as Kail had readily acknowledged at her examination before trial that her mother's transfer of funds to these accounts gave herself and plaintiff each a one-half interest in these new accounts. She also testified that they both declared 50% of the yearly interest on the subject accounts for tax purposes, that she closed the accounts in July 1989 with the understanding that plaintiff possessed a one-half interest in them and that her mother had no interest in either of the accounts at any time.

Given this deposition testimony and the statutory presumption contained in Banking Law § 675, plaintiff made a prima facie showing that a joint tenancy was intended. It is undisputed that Kail withdrew the entire balance of both accounts without plaintiff's consent and that the contents of the accounts were sufficiently identifiable to be the subject of a claim for conversion (*see, e.g., Lenczycki v Shearson Lehman Hutton*, 238 AD2d 248, *lv dismissed and denied* 91 NY2d 918). Accordingly, plaintiff made a prima facie showing that Kail committed the tort of conversion (*see, e.g., Republic of Haiti v Duvalier*, 211 AD2d 379, 384), thereby entitling him to recover one half of the balance of each account (*see, Lenczycki v Shearson Lehman Hutton, supra; Matter of Mullen v Linnane, supra; see also, Schwartz v Schwartz*, 82 Misc 2d 51).

Although Kail acknowledged that she held the accounts jointly with plaintiff and that each had a right of survivorship, defendants attempted to argue in opposition to summary judgment that Sperrazza had equitable title to the money in the ac-

counts, which they claimed were convenience accounts established for Sperrazza's benefit, and that a constructive trust should be imposed on the funds in her favor.* Defendants also offered evidence that when Kail liquidated the accounts and gave the funds to her children in 1989, she did so with the express permission of her mother. Notably, Sperrazza died in 1995 never having personally sought to impose a constructive trust on the funds in the subject accounts. Upon review of defendants' arguments, we find they lack merit.

Although the statutory presumption of a joint tenancy under Banking Law § 675 (b) "may be rebutted by a demonstration that the account was created as a matter of convenience *for one cotenant* and that no joint tenancy was intended" (*McGill v Booth*, 94 AD2d 928, 929 [emphasis supplied]; *see, Matter of Hollweg*, 67 AD2d 1001), Sperrazza's name was never included on either of the new accounts. Since Sperrazza was not a cotenant on either account, neither account can be considered a convenience account for her (*compare, Pinasco v Del Pilar Ara*, 219 AD2d 540; *Matter of Zecca*, 152 AD2d 830, *lv denied* 75 NY2d 706; *Matter of Friedman*, 104 AD2d 366, *affd* 64 NY2d 743).

Likewise, defendants have failed to demonstrate facts sufficient to justify the equitable remedy of a constructive trust. A constructive trust is a " ' "fraud-rectifying" remedy rather than an "intent-enforcing" one' " (*Binenfeld v Binenfeld*, 146 AD2d 663, 664, quoting *Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940) and may be imposed where a party, because of a confidential relationship, transfers property in reliance upon a promise of another which is later breached, resulting in unjust enrichment (*see, Simonds v Simonds*, 45 NY2d 233, 242; *Sharp v Kosmalski*, 40 NY2d 119, 121). Manifestly, defendants lack standing to assert that a constructive trust should be imposed in Sperrazza's favor (*see, Aliano, Aliano & Aliano v Aliano*, 251 AD2d 436, 437). Indeed, they are improperly attempting to utilize the remedy of a constructive trust to further what they claim were Sperrazza's alleged unfulfilled intentions (*see, Binenfeld v Binenfeld, supra*), intentions which in any event cannot be fulfilled because of Sperrazza's death. Clearly, there has been no unjust enrichment of plaintiff; in fact, the only parties unjustly enriched are Kail's children. Under these circumstances, the imposition of a

---

* The manifest inconsistencies in defendants' arguments have not escaped this Court. While they argue that the money in the accounts belonged to Kail's mother for her exclusive use and benefit, she withdrew the funds and gave all the proceeds to her children.

constructive trust is inappropriate and Supreme Court erred in denying plaintiff partial summary judgment.

The parties' remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment on the issue of defendant Josephine Kail's liability for conversion; motion for partial summary judgment granted; and, as so modified, affirmed.

