■ In the Matter of the Estate of CATHERINE V. STALTER, Deceased. PAUL A. LORENZO, as Executor of CATHERINE V. STALTER, Deceased, Appellant; SHIRLEY A. CALABRO, Respondent. [703 NYS2d 600] —Crew III, J. Appeal from an order of the Surrogate's Court of Cortland County (Dowd, S.), entered June 29, 1998, which determined the ownership of two of decedent's bank accounts.

In September 1988, Catherine V. Stalter (hereinafter decedent) opened a NOW checking account and a passbook savings account at Cortland Savings Bank in Cortland County, each bearing the names of decedent, John Martin (decedent's brother)[1] and respondent (decedent's close friend). Decedent alone contributed the funds to open the respective accounts, and decedent apparently retained the bank books and checks for the accounts until shortly before her death in March 1995 when, while decedent was hospitalized, respondent made certain deposits to the savings account and wrote two checks from the checking account for decedent.

Following decedent's death, respondent turned over to decedent's attorney the contents of a locked box maintained by decedent. Included in the contents of the box was a handwritten letter from decedent to her attorney regarding the disposition of the foregoing accounts upon her death. This letter, which referenced the accounts by number, indicated that such accounts were "in two names so [respondent] would be able to sign checks in case [decedent] was laid up and bills had to be

---

1. Martin died in 1990.

paid etc.".[2] The letter further recited that the moneys in such accounts were not to be given to respondent upon decedent's death; instead, the funds were to become part of decedent's estate or be used to pay respondent "for her work and trouble".[3]

Following respondent's refusal to relinquish decedent's bank books, petitioner, as executor of decedent's estate, commenced this proceeding seeking to establish the ownership of the subject accounts. An inquiry ensued, during the course of which information regarding the two bank accounts was entered into evidence. Respondent was the only witness to testify. Surrogate's Court concluded that the savings account was a joint account with rights of survivorship, thereby entitling respondent to the entire balance thereof, and awarded respondent, as a cotenant, one half of the balance in the NOW checking account. This appeal by petitioner ensued.

Banking Law § 675 (a) provides, in relevant part, as follows: "When a deposit of cash * * * has been made * * * in the name of [the] depositor * * * and another person and in form to be paid or delivered to either, or the survivor of them, such deposit * * * and any additions thereto made, by either of such persons * * * shall become the property of such persons as joint tenants * * * and may be paid or delivered to either during the lifetime of both or to the survivor after the death of one of them". Where an account has been formed in compliance with the statute, it is presumed, absent a showing of fraud or undue influence, that the depositors intended to create a joint tenancy with rights of survivorship (*see*, Banking Law § 675 [b]; *Matter of Camarda*, 63 AD2d 837, 838). In order for the statutory presumption to be triggered, however, the "survivorship" language must appear on the signature card for the subject account (*see*, *Matter of Klecar*, 207 AD2d 732; *Matter of Timoshevich*, 133 AD2d 1011, 1012; *Matter of Burns*, 126 AD2d 809, 811); "[t]he word 'or' used in the title of the account is insufficient to create a right of survivorship" (*Matter of Coppola*, 189 AD2d 933, 934; *see*, *Matter of Timoshevich*, *supra*, at 1012). If such language indeed is present, the burden then shifts to the party challenging the title of the survivor to either establish fraud, undue influence or lack of capacity (*see*, *Matter*

**2.** Although the letter is undated, as no mention of decedent's brother is made therein, it could reasonably be inferred that the letter was authored following Martin's death.

**3.** Although respondent was not named as the executor of decedent's estate, decedent left a lengthy letter regarding the distribution of her personal property—a task that she entrusted to her sister-in-law and respondent. It appears that respondent distributed the property in accordance with decedent's wishes without seeking compensation for her time and effort.

*of Camarda, supra,* at 838; *see also,* Banking Law § 675 [b]) or tender "direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of convenience only" (*Matter of Coddington,* 56 AD2d 697, 698; *see, Sperrazza v Kail,* 267 AD2d 692, 694; *Matter of Mullen v Linnane,* 218 AD2d 50, 54; *Matter of Harrison,* 184 AD2d 42, 45; *Matter of Camarda, supra*).

As a review of the record before us reveals that the signature card for the savings account indeed bore the requisite survivorship language, Surrogate's Court correctly applied the presumption set forth in Banking Law § 675, and our inquiry distills to whether petitioner, as the party challenging respondent's title as survivor, tendered sufficient proof to rebut that presumption. In our view, such inquiry must be answered in the negative.

While it is true that decedent alone contributed the money to open the savings account and retained the passbook thereto until shortly before her death, such circumstantial proof hardly is conclusive as to the key underlying issue, i.e., decedent's intent at the time that the account bearing respondent's name was created (*see, Matter of Harrison, supra,* at 46). Although petitioner cites and research reveals cases where courts indeed have found sufficient proof to rebut the statutory presumption (*see, e.g., Fischedick v Heitmann,* 267 AD2d 592, 592-593; *Matter of Zecca,* 152 AD2d 830, *lv denied* 75 NY2d 706; *Matter of Phelps v Kramer,* 102 AD2d 908), the distinguishing feature of these cases is record evidence that the depositor in question did not intend to create a joint tenancy.

In this regard, petitioner asserts that Surrogate's Court erred in failing to consider the letter from decedent to her attorney, wherein decedent indicated that the subject accounts were established to permit respondent to pay bills while decedent was "laid up" and, further, that decedent did not want such funds to be given to respondent upon decedent's death. The probative value of this letter, however, is significantly diminished by the fact that it is undated. Had the letter been authored shortly after the account was opened in September 1988, we would agree with petitioner that it indeed would be probative on the issue of decedent's intent to create a joint tenancy with a right of survivorship. As the letter could have been authored at any point after the account was opened in September 1988 and before decedent's death in March 1995, we can only speculate as to whether the letter reflects decedent's intent in establishing the account in the first

instance. Under these circumstances, we cannot say that the proof is sufficient to rebut the statutory presumption with respect to the subject savings account.[4]

Turning, then, to the issue of the NOW checking account, the record reflects that the relevant signature card does not contain the required survivorship language and, hence, Surrogate's Court properly concluded that the statutory presumption did not apply. Additionally, given the absence of proof as to decedent's intent, we cannot say that respondent established under common law that decedent intended to create a joint tenancy with survivorship rights (*see, Matter of Coon,* 148 AD2d 906, 908; *Matter of Timoshevich,* 133 AD2d 1011, 1012, *supra*). The only issue remaining, therefore, is whether Surrogate's Court erred in concluding that respondent was entitled to one half of the NOW checking account as a tenant in common.

EPTL 6-2.2 (a) creates a rebuttable presumption that "[a] disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy" (*see, Matter of Randall,* 176 AD2d 1219; *Matter of Timoshevich, supra,* at 1012). Petitioner, however, argues that respondent stood in a confidential or fiduciary relationship with decedent and, hence, the burden shifted to respondent to demonstrate that decedent's will was not overborne and that decedent intended to make a gift of such funds to respondent (*see, Matter of Timoshevich, supra; Matter of Camarda,* 63 AD2d 837, 839, *supra*). In our view, the record does not support a finding of a confidential or fiduciary relationship between decedent and respondent. Although the two admittedly were close friends, there was no familial relationship between decedent and respondent; additionally, while respondent indeed was charged with disposing of decedent's personal property, she was not the executor of decedent's estate, nor was she decedent's accountant, lawyer or financial advisor. Under such circumstances, and in the absence of any evidence of fraud, undue influence or overreaching, respondent was not required to demonstrate that decedent intended to make a gift of the funds to her.

In conclusion, it is most unfortunate that respondent, who

---

4. Although the parties debate the admissibility of this letter, both in terms of whether a proper objection was made at trial and whether the letter itself constitutes hearsay, in light of our conclusion that the record as a whole is insufficient to rebut the presumption under Banking Law § 675 as to the savings account, the evidentiary issues surrounding the admissibility of the letter need not detain us.

by all accounts was a close friend of decedent and for whom decedent so generously provided in her will, has elected to assert an ownership interest in the foregoing accounts to the detriment of decedent's residuary charitable beneficiaries. Nonetheless, in light of the statutory presumptions set forth in Banking Law § 675 and EPTL 6-2.2, and absent convincing proof to the contrary, we have no choice but to conclude that respondent is a joint tenant with respect to the savings account and a tenant in common as to the NOW checking account. Accordingly, the order of Surrogate's Court is affirmed.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.