OPINION OF THE COURT
Robert L. Nahman, J.
*726 Decedent, Vincent Slavin, a partner of Cantor Fitzgerald Securities, died intestate on September 11, 2001 in the World Trade Center. His sole distributee is his infant son, Michael Slavin. Petitioner, Mary Jelnek, is the guardian of and maternal grandmother for Michael Slavin. Respondent, Anna Baez, was the decedent’s fiancée, with whom the decedent resided for over four years immediately prior to his death.
At the time of his death, decedent had $656,533.42 in three bank accounts at JP Morgan Chase Bank at the World Trade Center: checking account No. 232-1387611, savings account No. 681-6176227-01, and money market fund No. 0283-52000095404. On September 14, 2001, two direct deposits were made into the checking account from decedent’s employer amounting to the additional sum of $58,264.73. Shortly after September 11, 2001, respondent Anna:Baez, alleging that the accounts were owned by Vincent R. Slavin and Anna L. Baez as joint tenants with a right of survivorship, withdrew the entire balances from these accounts. ;
Petitioner commenced the instant discovery proceeding against respondents Anna Baez, Chase Manhattan Bank (also known as JP Morgan Chase Bank), et al., to determine whether or not the decedent’s estate has an interest in said funds.
Anna Baez filed a verified answer claiming title to the three accounts at JP Morgan Chase Bank, alleging that the three accounts were jointly held by the decedent and herself, with right of survivorship.
JP Morgan Chase Bank is not able to produce the signature cards for the accounts because they were maintained at the World Trade Center and were destroyed on September 11, 2001. In paragraph 17 of its amended verified answer, respondent JP Morgan Chase Bank acknowledges that on September 11, 2001 the three accounts were held in the names of Vincent R. Slavin and Anna L. Baez, and alleges that the accounts were owned by Vincent R. Slavin and Anna L. Baez as joint tenants with a right of survivorship.
Petitioner moves for partial summary judgment directing respondent Anna Baez to pay the decedent’s estate the sum of $58,264.73 that was deposited into the ¡checking account after the decedent’s death, together with interest thereon from September 14, 2001. Respondent Anna Baez submitted opposition to the motion, alleging that the decedent, while alive, granted respondent Anna Baez a future interest in his earnings.
Respondent Anna Baez moved for summary judgment awarding her ownership of the three joint bank accounts including all *727 monies therein at the time of the decedent’s death ($656,533.42) and the additional monies deposited into the checking account on September 14, 2001 ($58,264.73). Respondents JP Morgan Chase Bank and JP Morgan Fund Distributors also moved pursuant to CPLR 3212 for an order dismissing the petition as against them. Petitioner submitted opposition to the motions of Anna Baez, JP Morgan Chase Bank and JP Morgan Fund Distributors.
The first issue to consider is whether the three joint accounts were held with rights of survivorship.
Petitioner contends that, because the original signature cards cannot be located, respondent Anna Baez cannot satisfy the requirements of Banking Law § 675 (b) and that, therefore, there is no presumption of a joint account with rights of survivorship for any of the three accounts at JP Morgan Chase Bank.
Respondent Anna Baez, however, relying upon Matter of Butta (3 AD3d 347), contends that the original signature cards need not be produced in order to obtain the statutory presumption. In Butta, the Supreme Court of the State of New York, Appellate Division, First Department, held that the testimony of a bank employee that the signature cards used by the bank when the subject account was opened contained right of survivorship language constituted sufficient proof that such language in fact appeared on the signature card with which the account was opened.
In the instant matter, three different employees of JP Morgan Chase Bank testified in examinations before trial that, at the time the three accounts were placed into the joint names of the decedent and respondent Anna Baez, all joint accounts at JP Morgan Chase Bank contained the following language: “accounts with multiple owners are joint, payable to either owner or the survivor.” Petitioner submitted no evidence to rebut this testimony.
The court finds that the statutory presumption under Banking Law § 675 (b) applies to the checking account No. 232-1387611, savings account No. 681-6176227-01, and money market fund No. 0283-52000095404.
The statutory presumption in place, the burden then shifts to the party challenging the title of the survivor to either establish fraud, undue influence or lack of capacity or tender direct proof or substantial circumstantial proof, clear and convincing and *728 sufficient to support an inference that the joint account had been opened in that form as a matter of convenience only (Matter of Stalter, 270 AD2d 594 [2000]).
Petitioner’s allegation that the accounts were merely of convenience is baseless and wholly without merit. Decedent was a bright, educated stock trader who was in no need to have convenience accounts created on his behalf. The bank statements and cancelled checks indicated that the decadent knew that respondent Anna Baez used the accounts for her own benefit and he did not object.
Petitioner presented absolutely no evidence to establish fraud, undue influence, or lack of capacity sufficient to rebut the statutory presumption. ^
The court finds that the three accounts at JP Morgan Chase Bank, checking account No. 232-1387611, the savings account No. 681-6176227-01, and the money market fund No. 0283-52000095404, were held by the decedent and respondent Anna Baez jointly, with right of survivorship.
The sole issue remaining is whether the $58,264.73 deposited into the checking account No. 232-1387611 on September 14, 2001, three days after the decedent’s death, belongs to the decedent’s estate or to the joint account holder, Anna Baez.
Respondent Anna Baez, citing Gruen v Gruen (68 NY2d 48 [1986]), contends that the decedent’s act of setting up a direct deposit of his salary and commissions into his checking account constituted a gift to Baez of his future earnings. In Gruen, the Court held that a valid inter vivos gift of an ownership interest in a certain painting could be made, even though the grantor retained the right to the possession of the painting for the rest of his life. The Gruen case, however, is distinguishable: the transfer of ownership must be irrevocable in order for the gift to be complete (see Matter of Bobeck, 143 AD2d 90 [1988]). In the instant matter, the decedent had i retained the right to change the direct deposit scheme during his lifetime. His future earnings were not irrevocably transferred by the decedent during his lifetime and, thus, no gift was made.
Accordingly, petitioner’s motion for partial summary judgment directing respondent Anna Baez to pay the decedent’s estate the sum of $58,264.73 together with interest thereon from September 14, 2001 is granted.
Respondent Anna Baez shall deliver the sum of $58,264.73, together with interest thereon at the fate of 9% per annum *729 from September 14, 2001 to the decedent’s estate within 30 days of the decree to be settled herein.
The branch of respondent Anna Baez’s motion for summary judgment seeking an order awarding her ownership of the three joint bank accounts including all monies therein at the time of the decedent’s death ($656,533.42) is granted. The branch of respondent Anna Baez’s motion for summary judgment seeking an order awarding her ownership of the $58,264.73 deposited into the checking account on September 14, 2001 is denied.
The motion by respondents JP Morgan Chase Bank and JP Morgan Fund Distributors pursuant to CPLR 3212 for an order dismissing the petition as against them is granted.