[877 NYS2d 522]

In the Matter of the Estate of CATHERINE K. CORCORAN, Also Known as CATHERINE T. CORCORAN, Deceased. EUGENE P. CORCORAN, Appellant; KATHLEEN C. DELANEY, Respondent.

Third Department, April 30, 2009

APPEARANCES OF COUNSEL

*Parisi, Coan & Saccocio, P.L.L.C.*, Schenectady (*Killeen Cirilla* of counsel), for appellant.

*Little & O'Connor Attorneys, P.C.*, Glens Falls (*Elizabeth E. Little* of counsel), for respondent.

## OPINION OF THE COURT

PETERS, J.

Decedent, who died on December 9, 2005, was survived by her four children. In her will, decedent appointed respondent, her daughter, as executor, bequeathed her house and its contents

to respondent, disinherited her two eldest sons and divided the remainder of her estate equally between respondent and petitioner, her third son.

After respondent filed an application to settle the estate, petitioner commenced this proceeding seeking limited letters of administration for the purpose of initiating a discovery proceeding pursuant to SCPA 2103 and challenging the will. Surrogate's Court granted petitioner's application and, following discovery, a jury trial was commenced for the purpose of resolving four limited issues: (1) whether decedent opened certain joint accounts with the intent to create a joint tenancy with respondent or for convenience only; (2) whether decedent placed assets in these accounts with the intention that they would pass outside of her probate estate directly to respondent; (3) whether a confidential relationship existed between respondent and decedent such that the burden of proof shifted to respondent; and (4) whether respondent exercised undue influence over decedent or committed fraud or coercion against her. Upon the close of petitioner's proof, Surrogate's Court, without a supporting decision, granted respondent's motion for a directed verdict and dismissed the petition. This appeal by petitioner ensued.

Petitioner argues that the presumption set forth in Banking Law § 675 does not apply to three of decedent's joint accounts— namely, a Charles Schwab brokerage account, a First Niagara Bank savings account and a Trustco Bank account. Banking Law § 675 (a) provides, in pertinent part, that

> "[w]hen a deposit of cash . . . has been made . . . in or with any banking organization[1] . . . in the name of [the] depositor . . . and another person and in form to be paid or delivered to either, or the survivor of them, such deposit . . . and any additions thereto made, by either of such persons . . . shall become the property of such persons as joint tenants." When an account has been formed in accordance with the statute, and the "survivorship" language appears on the account's signature card, a presumption arises that the parties intended to create a joint tenancy with rights of survivorship (*see* Banking Law § 675 [b]; *Matter of Stalter*, 270 AD2d

---

1. "Banking organization" means and includes "all banks, trust companies, private bankers, savings banks, safe deposit companies, savings and loan associations, credit unions and *investment companies*" (Banking Law § 2 [11] [emphasis added]).

594, 595 [2000], *lv denied* 95 NY2d 760 [2000]; *Matter of Timoshevich*, 133 AD2d 1011, 1012 [1987]; *Matter of Camarda*, 63 AD2d 837, 838 [1978]).

First addressing the Charles Schwab brokerage account, we cannot agree with petitioner's assertion that, despite its clear survivorship language, the statutory presumption does not apply because it is an investment account rather than a traditional bank account. Both this Court as well as other Departments apply the Banking Law § 675 (b) presumption to joint brokerage and investment accounts (*see Fehring v Fehring*, 58 AD3d 1061, 1062 [2009]; *Schwalb v Schwalb*, 50 AD3d 1206, 1209 [2008]; *Matter of Richichi*, 38 AD3d 558, 559 [2007]; *Chamberlain v Chamberlain*, 24 AD3d 589, 593 [2005]; *Garner v Garner*, 307 AD2d 510, 512 [2003], *lv denied* 100 NY2d 516 [2003]; *Kay v Kay*, 302 AD2d 711, 713 [2003]; *Matter of Kiejliches*, 292 AD2d 530, 530-531 [2002]; *Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]; *Fischedick v Heitmann*, 267 AD2d 592, 592 [1999]; *Pinasco v Del Pilar Ara*, 219 AD2d 540, 540 [1995]; *Hartog v Hartog*, 194 AD2d 286, 294 [1993], *mod* 85 NY2d 36 [1995]). Indeed, this Court recently rejected an argument similar to that advanced by petitioner here, finding that the application of the presumption is not altered by "[t]he fact that the deposit is not made into a traditional banking account, but instead into a joint brokerage or investment account" (*Fehring v Fehring*, 58 AD3d at 1062).[2]

With the presumption applicable to the Charles Schwab account, the burden shifted to petitioner to either establish fraud, undue influence or lack of capacity (*see* Banking Law § 675 [b]; *Matter of Stalter*, 270 AD2d at 595-596) or tender direct or circumstantial proof to support an inference "that the joint account was established as a convenience and not with the intention of conferring a present beneficial interest on the other party to the account" (*Fischedick v Heitmann*, 267 AD2d at 592; *see Matter of Zecca*, 152 AD2d 830, 830-831 [1989], *lv denied* 75 NY2d 706 [1990]; *Matter of Friedman*, 104 AD2d 366, 367 [1984], *affd* 64 NY2d 743 [1984]; *Matter of Phelps v Kramer*, 102 AD2d 908, 909 [1984]). Mindful that a CPLR 4401 motion for judgment as a matter of law may be granted only when, viewing the evidence in a light most favorable to the nonmoving party and according him or her the benefit of every favorable

---

**2.** To the extent that this Court's decision in *Matter of Antoinette* (291 AD2d 733, 734-735 [2002], *lv denied* 98 NY2d 604 [2002]) held to the contrary, it should no longer be followed.

inference which can be drawn, "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Gold v Di Cerbo*, 41 AD3d 1051, 1052 [2007], *lv denied* 9 NY3d 811 [2007]), we find that it was error for Surrogate's Court to grant the motion in favor of respondent on this account.

"A major factor in determining whether a bank account is opened as a matter of convenience or as a joint account is the conduct and statements of a surviving cotenant" (*Matter of Camarda*, 63 AD2d at 839 [citation omitted]). Here, the evidence demonstrated that decedent had exclusive possession of the checks for this account and that respondent did not receive account statements, never withdrew any funds from the account to pay her own expenses, considered this account to be her mother's and did not know where the funds in the account would go upon decedent's death. Furthermore, decedent's will, executed nearly three months after she opened this account, leaves all of her estate, save her house, to petitioner and respondent equally. Since the Charles Schwab account constitutes more than one half of her estate, decedent's testamentary disposition is arguably inconsistent with an intent to give respondent alone rights of survivorship in the majority of her estate (*see Matter of Johnson*, 7 AD3d 959, 959-960 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Camarda*, 63 AD2d at 839). While the above-mentioned circumstantial proof is certainly not conclusive as to decedent's intent at the time the account was created (*see Matter of Ricci*, 18 AD3d 663, 664 [2005]; *Matter of Stalter*, 270 AD2d at 596), we simply cannot say that there is no rational process by which the jury could have found that the account was opened as a matter of convenience (*see Matter of Dubin*, 54 AD3d 947, 949-950 [2008]; *Fischedick v Heitmann*, 267 AD2d at 592-593; *Fragetti v Fragetti*, 262 AD2d 527, 528 [1999]; *Matter of Zecca*, 152 AD2d at 830; *Matter of Friedman*, 104 AD2d at 367; *Matter of Phelps v Kramer*, 102 AD2d at 909).

■ Turning to the joint Trustco Bank account, we agree with petitioner that the presumption of joint tenancy under Banking Law § 675 does not apply, as the signature card for this account bears no specific language of survivorship (*see Matter of Stalter*, 270 AD2d at 597; *Matter of Donahue*, 262 AD2d 840, 841 [1999]; *Matter of Magacs*, 227 AD2d 760, 761 [1996]; *Matter of Timoshevich*, 133 AD2d at 1012). In the absence of the statutory presumption, the burden remained on respondent to establish that decedent intended to create a joint tenancy with survivor-

ship rights (*see Matter of Coon,* 148 AD2d 906, 908 [1989]). As the record is devoid of any proof as to this account or decedent's intent when it was opened, respondent failed to meet her burden in this regard and it was therefore error for Surrogate's Court to grant a directed verdict in her favor as to this account.

Petitioner's remaining contentions have either been rendered academic by our decision or have been reviewed and found to be unavailing.

CARDONA, P.J., LAHTINEN, KANE and McCARTHY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's claim for relief as to decedent's Charles Schwab brokerage account and Trustco Bank account; matter remitted to the Surrogate's Court of Saratoga County for a new hearing as to such accounts in accordance with this Court's decision; and, as so modified, affirmed.