■ In the Matter of NINO GRANCARIC, Deceased. DINKO GRANCARIC, as Administrator of the Estate of NINO GRANCARIC, Deceased, Appellant; ARLENE SCHEURER et al., Respondents. [936 NYS2d 723]—

Spain, J.P.

When a bank account is opened in two names, "in form to be paid or delivered to either, or the survivor of them" (Banking Law § 675 [a]) and survivorship language appears on a joint bank account's signature card, a statutory presumption arises that the parties intended to create a joint account with rights of survivorship (*see Matter of Corcoran*, 63 AD3d 93, 95 [2009]; *Matter of Stalter*, 270 AD2d 594, 595 [2000], *lv denied* 95 NY2d 760 [2000]; *Matter of Camarda*, 63 AD2d 837, 838 [1978]). Petitioner seeks to recover assets from six bank accounts held by decedent and Macri, two First Niagara Bank accounts and four Key Bank accounts. The signature cards of both First Niagara accounts clearly include survivorship language. As such, the presumption arises, thereby shifting the burden to petitioner, as the party challenging the title of the survivor, to establish—by clear and convincing evidence—fraud, undue influence, lack of capacity or, as petitioner asserts here, that the accounts were only opened as a matter of convenience and were never intended to be joint accounts (*see Matter of Corcoran*, 63 AD3d at 96; *Matter of Stalter*, 270 AD2d at 595-596).

Petitioner failed to present any evidence raising a material issue of fact on the issue of whether decedent's estate is entitled to these accounts. He relies on Macri's admissions that the accounts were created for the convenience of Scheurer, in that they were designed to protect Scheurer's assets, to establish that the accounts were convenience accounts and not valid joint accounts. This argument misconstrues the law. A bank account that is labeled as joint will nevertheless be held to remain the sole property of the depositor where it is found that the account

was established "as a matter of convenience *for one cotenant and that no joint tenancy was intended*" (*Sperrazza v Kail*, 267 AD2d 692, 694 [1999] [internal quotation marks and citation omitted]; *see Matter of Corcoran*, 63 AD3d at 96; *Fischedick v Heitmann*, 267 AD2d 592, 592 [1999]). Absolutely no evidence exists that the account was established for the convenience of either cotenant; petitioner relies solely on testimony at the will contest trial that the accounts were established for Scheurer's benefit. Indeed, even if we were to entertain the argument that this rule of law could apply to an account where the only "convenience" involved is the sheltering of one's assets, "[s]ince [Scheurer] was not a cotenant on either account, neither account can be considered a convenience account for her" (*Sperrazza v Kail*, 267 AD2d at 694).

With regard to the Key Bank accounts, the presumption of survivorship rights does not arise because the signature cards for these accounts do not include survivorship language (*see Matter of Timoshevich*, 133 AD2d 1011, 1012 [1987]).[1] Hence, it was incumbent upon respondents to establish that Scheurer intended to create joint accounts with survivorship rights (*see Matter of Corcoran*, 63 AD3d at 97). We hold that respondents met this burden and that petitioner failed to raise a triable issue of fact which would have precluded summary judgment. The Key Bank account signature card simply states that the account is "joint"; however, the agreement and disclosure statement accompanying the accounts clearly provides that "all deposits in joint Accounts are the property of each owner as joint tenants with rights of survivorship." Further, the undisputed testimony of Scheurer was that her intent, in funding all of the subject accounts, was to create joint accounts with rights of survivorship. As petitioner provides no contrary evidence of Scheurer's intent and, as discussed above, he fails to support the argument that any of the accounts were "convenience" accounts, we hold that, as the survivor of these joint accounts with rights of survivorship, Macri took legal title to each of the subject accounts (*see Matter of Stalter*, 270 AD2d at 596; *compare Matter of Johnson*, 7 AD3d 959, 960 [2004], *lv denied* 3 NY3d 606 [2004]; *Fischedick v Heitmann*, 267 AD2d at 592-593).

Turning to the real property at issue, we note that petitioner does not directly challenge Supreme Court's holding that each parcel was conveyed to decedent and Macri as joint tenants with rights of survivorship, and he fails to submit any evidence

---

1. Only one signature card was provided in the record, but no dispute exists that each of the Key Bank accounts was set up identically.

raising a triable issue of fact that the properties were not transferred as such, or that there was any other deficiency in Macri's title as survivor to these properties (*see Goetz v Slobey*, 76 AD3d 954, 956 [2010]). The only argument with respect to the real property found in petitioner's brief pertains to his challenge to Supreme Court's alternate finding that, if the assets did not pass by operation of law to Macri, then a constructive trust should be imposed in favor of Scheurer.[2]

We find no need to invoke the doctrine of constructive trust in the context of this proceeding, where the property passed to Macri by operation of law, and Scheurer, the potential beneficiary of the constructive trust, has not objected to Macri's ownership or alleged any breach of promise on the part of Macri. A constructive trust is a " 'fraud-rectifying' " remedy (*Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940 [1980]; *see Oakes v Muka*, 69 AD3d 1139, 1141-1142 [2010], *appeal dismissed* 15 NY3d 867 [2010]) which "may be imposed where a party, because of a confidential relationship, transfers property in reliance upon a promise of another *which is later breached*, resulting in unjust enrichment" (*Sperrazza v Kail*, 267 AD2d at 694 [emphasis added]). Here, although Macri and Scheurer testified at the trial that the transfers were structured as such to protect Scheurer's assets from claims against the businesses that she owned, Macri continues to acknowledge that she holds the assets for Scheurer's benefit. Under these circumstances, no constructive trust is necessary (*compare Sharp v Kosmalski*, 40 NY2d 119, 123 [1976]).

Petitioner's remaining contentions are unpersuasive.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

2. Notably, one of the deeds did not contain survivorship language but, given (1) the trial testimony establishing that this was the product of law office error, and (2) petitioner's failure to address the issue on appeal, we find any objection based upon the absence of such language to be abandoned.