Yong Xu v 401 Foster Gasoline, Inc.

2026 NY Slip Op 02692

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Yong Xu, et al., appellants,

v

401 Foster Gasoline, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-04752, (Index No. 604637/17)

Mark C. Dillon, J.P.

Paul Wooten

Carl J. Landicino

Donna-Marie E. Golia, JJ.

Law Offices of Michael J. Langer, P.C., Mineola, NY, for appellants.

Richard H. Coleman & Associates, P.C., Massapequa Park, NY, for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered June 28, 2021. The judgment, upon a decision of the same court dated April 28, 2021, made after a nonjury trial, is in favor of the defendants and against the plaintiffs dismissing the first through fourth and tenth causes of action and in favor of the defendant Xiao Yan Wang and against the plaintiffs dismissing the fifth through ninth causes of action.

ORDERED that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof dismissing the first cause of action of the amended complaint, and adding thereto a provision declaring that the plaintiff Yong Xu does not possess an ownership interest in the defendant 401 Foster Gasoline, Inc., and (2) by deleting the provision thereof in favor of the defendant Xiao Yan Wang and against the plaintiff Yong Xu dismissing the fifth cause of action, and substituting therefor a provision in favor of the plaintiff Yong Xu and against the defendant Xiao Yan Wang on that cause of action in the sum of $60,625.63; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff Yong Xu is a principal of the plaintiff 401 Foster Petroleum, LLC (hereinafter Foster Petroleum), which operated a gas station located in Brooklyn. The plaintiffs executed a contract to sell Foster Petroleum's assets (hereinafter the asset purchase agreement) to the defendants 401 Foster Gasoline, Inc. (hereinafter Foster Gasoline), He Wang, and YunWei Yao (hereinafter collectively the purchasers). In October 2016, the sale of Foster Petroleum's assets closed, and Xu was compensated for his ownership interest.

In 2017, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for breach of contract. The plaintiffs alleged that the purchasers failed to fully compensate Xu for his interest in Foster Petroleum's assets. In lieu of making a full payment, the plaintiffs alleged, the purchasers orally represented that they would convey to Xu a one-third ownership interest in Foster Gasoline. The plaintiffs alleged that the purchasers breached their oral agreement, and instead conveyed a one-third ownership interest in Foster Gasoline to the defendant Xiao Yan Wang (hereinafter Grace). The plaintiffs further alleged that Grace withdrew funds from her and Xu's joint bank account, and converted the funds for her own use. Following a nonjury trial, the Supreme Court found in favor of the defendants and against the plaintiffs dismissing the first [*2]through fourth and tenth causes of action and in favor of Grace and against the plaintiffs dismissing the fifth through ninth causes of action. The plaintiffs appeal.

"'In reviewing a determination made after a non-jury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony'" (Morris v Tausik, 222 AD3d 969, 971, quoting Winston v Reichenbaum, 209 AD3d 801, 804).

"'A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (Ikezi v 82nd St. Academics, 221 AD3d 986, 987 [brackets omitted], quoting Greenfield v Philles Records, 98 NY2d 562, 569). Under the parol evidence rule, "where the parties have reduced their agreement to an integrated writing," courts may not consider extrinsic evidence of "prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of their writing" (Marine Midland Bank-S. v Thurlow, 53 NY2d 381, 387; see Transcan Sys., Inc. v Seldat Distrib., Inc., 209 AD3d 911, 913). Where, as here, a contract contains a merger clause, the parties have agreed to require the "full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing" (Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [internal quotation marks omitted]; see Albert v Afanador, 237 AD3d 1012, 1014).

The Supreme Court properly dismissed the second cause of action, which sought specific performance of the alleged oral promise to convey to Xu a one-third ownership interest in Foster Gasoline. The plain language of the asset purchase agreement did not reserve a one-third ownership interest in the business to Xu, the seller. Contrary to the plaintiffs' contention, evidence of prior or contemporaneous oral representations that Xu would continue to have an ownership interest in the business is not admissible to contradict or vary the parties' integrated writing (see Marine Midland Bank-S. v Thurlow, 53 NY2d at 387; Albert v Afanador, 237 AD3d at 1014), and such evidence would effectively negate the asset purchase agreement's merger clause (see Schron v Troutman Sanders LLP, 20 NY3d at 437; Klein v Signature Bank, Inc., 204 AD3d 892, 896).

The Supreme Court also properly dismissed the third cause of action, which sought to recover damages for breach of the asset purchase agreement based on the purchasers' alleged failure to make full payment for Xu's interest in Foster Petroleum's assets. The evidence at trial demonstrated that Xu received the maximum compensation he was entitled to under the asset purchase agreement and its amendments. Further, the second and third causes of action were properly dismissed insofar as asserted against Grace, since she was not a party to the asset purchase agreement (see Umoh v Zunz, 238 AD3d 802, 803-804; Black Car & Livery Ins., Inc. v H & W Brokerage, Inc., 28 AD3d 595, 595).

In light of the foregoing, the plaintiffs failed to demonstrate entitlement to relief in their favor on the first cause of action, which sought a declaration that Xu possessed an ownership interest in Foster Gasoline. However, since this is, in part, a declaratory judgment action, the judgment should have included a declaration in the defendants' favor on the first cause of action (see Lanza v Wagner, 11 NY2d 317, 334).

To recover damages for unjust enrichment, a "plaintiff must show that (1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Main Omni Realty Corp. v Matus, 124 AD3d 604, 605; see E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d 441, 455). "The theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Gym Door Repairs, Inc. v Astoria Gen. Contr. Corp., 144 AD3d 1093, 1096-1097 [brackets and internal quotation marks omitted]). As a result, "a cause of action predicated on a theory of implied contract or quasi-contract is not viable where there is an express agreement that governs the subject matter underlying the action" (id. at 1097 [brackets and internal quotation marks omitted]; see New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 803).

The Supreme Court properly dismissed the fourth cause of action, which sought to recover damages for unjust enrichment based upon the purchasers' alleged failure to make full payment for Xu's ownership interest in Foster Petroleum's assets. Because the parties executed a written agreement addressing the sale of Foster Petroleum's assets, the plaintiffs were precluded from recovering under a quasi-contract theory for damages arising out of the same subject matter (see New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d at 803; Hoeg Corp. v Peebles Corp., 153 AD3d 607, 610; Grossman v New York Life Ins. Co., 90 AD3d 990, 991-992).

In an action for rescission of a contract on the ground of fraud, the plaintiff must prove (1) a material misrepresentation of an existing fact and (2) justifiable reliance upon the misrepresentation (see Seneca Wire & Mfg. Co. v Leach & Co., 247 NY 1, 7-8; Steen v Bump, 233 AD2d 583, 584; D'Angelo v Hastings Oldsmobile, 89 AD2d 785, 785, affd 59 NY2d 773). Where "there is a meaningful conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation" (Hong Qin Jiang v Li Wan Wu, 179 AD3d 1041, 1043 [internal quotation marks omitted]; see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154).

The Supreme Court properly dismissed the tenth cause of action, which sought rescission of the asset purchase agreement on the ground of fraud. In support of this cause of action, the plaintiffs alleged that the purchasers fraudulently induced Xu to execute the asset purchase agreement with an oral promise to convey a one-third ownership interest in Foster Gasoline to Xu. However, the asset purchase agreement and its amendments did not reserve a one-third ownership interest in the business to Xu. In light of this meaningful conflict, the plaintiffs were precluded from arguing that Xu reasonably relied on the alleged oral promise (see Hong Qin Jiang v Li Wan Wu, 179 AD3d at 1043; Old Clinton Corp. v 502 Old Country Rd., 5 AD3d 363, 364-365).

"To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970 [internal quotation marks omitted]; see Cusack v American Defense Sys., Inc., 86 AD3d 586, 587). "'Money, if specifically identifiable, may be the subject of a conversion action'" (Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777, quoting Simpson & Simpson, PLLC v Lippes Mathias Wexler Friedman LLP, 130 AD3d 1543, 1544-1545).

Contrary to the Supreme Court's determination, the facts warranted a judgment in Xu's favor on the fifth cause of action, which sought to recover damages against Grace for converting funds in her and Xu's joint bank account. "[A] statutory presumption exists in this State that a disposition of personal property (including moneys in bank accounts) to two or more persons creates in them a tenancy in common" (Matter of Wozniak, 244 AD2d 148, 150 [internal quotation marks omitted]; see EPTL 6-2.2[a]). Where two people hold a joint bank account as a tenancy in common, each person has a one-half interest (see Sweetman v Suhr, 126 AD3d 1438, 1439; Sperrazza v Kail, 267 AD2d 692, 693). The evidence at trial demonstrated that from October 2016 to November 2016, the joint bank account held $208,748.73 and that, within that same period, Grace withdrew or transferred $165,000 without Xu's authorization. The plaintiffs therefore proved that Grace invaded Xu's interest in the joint bank account by taking $60,625.63 more than her one-half share. Accordingly, the facts warranted a determination in favor of Xu and against Grace on the fifth cause of action in the sum of $60,625.63 (see Sperrazza v Kail, 267 AD2d at 693; Lenczycki v Shearson Lehman Hutton, 238 AD2d 248, 248; see generally Hearst v Hearst, 50 AD3d 959, 962-963). However, the court correctly dismissed the fifth cause of action insofar as it was asserted by Foster Petroleum. The plaintiffs failed to prove that Foster Petroleum had a superior right to funds in a joint account under the names of Xu and Grace (see Looks Great Servs., Inc. v Roosevelt, 239 AD3d 627, 630; Halvatzis v Perrone, 199 AD3d 785, 787).

The Supreme Court properly dismissed the sixth and seventh causes of action, which respectively, sought to recover damages against Grace for unjust enrichment and money had and received. Those causes of action were duplicative of the fifth cause of action because they relied on [*3]identical allegations and sought the same relief (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750, 753; Han v Chen, 213 AD3d 453, 454-455).

Further, the Supreme Court correctly dismissed the eighth and ninth causes of action, which, respectively, sought the imposition of a constructive trust on the funds Grace withdrew and her interest in Foster Gasoline. The plaintiffs failed to establish the existence of an express or implied promise on Grace's part on which Xu relied (see Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1393-1394; Mazzei v Kyriacou, 139 AD3d 823, 824-825; Pergament v Roach, 41 AD3d 569, 571-572).

The parties' remaining contentions are without merit.

DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court