■ Sonia Munn, Respondent, v New York City Housing Authority et al., Appellants. [608 NYS2d 221] —Order, Supreme Court, Queens County (Arnold Price, J., upon decision of Robert Nahman, J.), entered January 27, 1992, which, insofar as appealed from, denied defendant New York City Housing Authority's motion to dismiss plaintiff's causes of action for battery and false imprisonment, unanimously affirmed, without costs.

We agree with the IAS Court that the Statute of Limitations was tolled during the pendency of plaintiff's application for leave to serve a late notice of claim (CPLR 204 [a]), plaintiff having been statutorily prohibited from bringing this action until granted such leave (Public Housing Law § 157 [2]; General Municipal Law § 50-e [5]). The earlier, timely notice of claim signed by the decedent's mother did not remove this

impediment to suit, since a notice of claim must be "sworn to by or on behalf of the claimant" (General Municipal Law § 50-e [2]). Thus, the court properly denied the motion to dismiss the amended complaint's causes of action for battery and false imprisonment, all governed by a one-year Statute of Limitations.

Moreover, since defendant abandoned its appeal from the order entered April 10, 1991 denying its motion with respect to the original complaint to dismiss the battery causes of action as time-barred, and since plaintiff's amended complaint, insofar as it added a cause of action for false imprisonment, did not substantively alter the original complaint, and thus did not render the appeal from the April 10 order moot (see, *Anthony J. DeMarco, Jr., P. C. v Bay Ridge Car World*, 169 AD2d 808, 809), defendant should be estopped from seeking review of the issues that could have been raised on the abandoned appeal (see, *Montalvo v Nel Taxi Corp.*, 114 AD2d 494, *lv denied and dismissed* 68 NY2d 643).

We have reviewed defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Ross, Asch, Rubin and Tom, JJ.