■ August J. Gillon, Respondent, v Carl D. Traina, Appellant. [894 NYS2d 294]—

Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered November 9, 2007 in a breach of contract action. The judgment awarded plaintiff money damages after a nonjury trial.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action asserting two causes of action, for breach of contract and for money had and received, seeking to recover the sum of $71,200 loaned to defendant from 1999 until 2001 by plaintiff's grandfather, who is now deceased. In 2001, defendant executed a confession of judgment at the request of plaintiff's grandfather, and defendant agreed to pay the money to plaintiff. We conclude that Supreme Court, following a nonjury trial, properly determined that plaintiff is entitled to judgment in the amount of $71,200, with interest from the date of the commencement of the action.

Plaintiff is entitled to that sum based on his cause of action for money had and received, inasmuch as it is undisputed that plaintiff's grandfather loaned defendant the sum of $71,200. "A cause of action for money had and received sounds in quasi contract and 'arises when, in the absence of an agreement, one party possesses money [that belongs to another and] that in equity and good conscience it ought not retain' " (*Goldman v Simon Prop. Group, Inc.*, 58 AD3d 208, 220 [2008]). Although the affidavit in confession of judgment was not filed in accordance with CPLR 3218 (b) and therefore is not a valid judgment by confession, the court nonetheless properly considered the affidavit executed by defendant in accordance with CPLR 3218 (a) as evidence of the underlying debt (*see Ray v Ray*, 61 AD3d 442, 443 [2009]). The record further establishes that plaintiff's grandfather assigned his interest in the underlying debt to plaintiff, that defendant agreed to pay the sum of $71,200 to plaintiff, and that defendant failed to make any payments to plaintiff. Finally, there is no merit to defendant's contention that plaintiff had the burden of proving nonpayment of the debt, inasmuch as the "alleged payment of an indebtedness" is an affirmative defense (*CIT Group/Factoring Mfrs. Hanover v Supermarkets Gen. Corp.*, 183 AD2d 454, 455 [1992]; *see generally* CPLR 3018 [b]). Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.