■ ARNOLD ROSSMAN, Appellant, v WINDERMERE OWNERS LLC et al., Respondents. [974 NYS2d 395]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 20, 2013, which denied plaintiff's motion to dismiss defendants' counterclaim for attorneys' fees, unanimously reversed, on the law, with costs, and the motion granted.

"Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (*Matter of*

*A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]). Here, the lease agreement between the parties provided for reimbursement of legal fees and costs of the prevailing party in an action or proceeding between the landlord and tenant for nonpayment of rent or recovery of possession of the apartment. A lease rider made the tenant liable for the landlord's actual attorneys' fees, costs and disbursements in an action brought by the landlord, arising from the tenant's breach of the lease.

Neither of these provisions applies to the instant action. The lease rider is inapplicable because this action was not initiated by the landlord. The lease provision also does not apply because plaintiff tenant was seeking monetary damages for alleged rent overcharges, a declaratory judgment that he was a rent-stabilized tenant entitled to a two-year stabilized lease at a lawful rent, and an injunction enjoining defendants from taking any steps to evict him. Defendants have not asserted that plaintiff breached the lease agreement or that he was not a lawful resident in possession of the apartment, when the action was commenced. Consequently, neither party was seeking to recover possession of the apartment. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.