# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**135**
**CA 14-01253**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

ALICE ELAINE SWEETMAN,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                            MEMORANDUM AND ORDER

SONJA G. SUHR, DEFENDANT-APPELLANT-RESPONDENT.

PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

NIXON PEABODY LLP, ROCHESTER (WILLIAM D. EGGERS OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 6, 2013. The judgment awarded plaintiff the amount of $60,777.74.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in its entirety and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action for money had and received, alleging that defendant possessed money that belonged to her. Defendant obtained the money from the Monroe County Office of Child Support Enforcement (OCSE) after the OCSE issued a property execution upon an account held jointly between plaintiff and her husband, nonparty John C. Suhr (John). John is defendant's ex-husband, and the money was used to satisfy a 1995 judgment against him for unpaid child support that was owed to defendant. It is undisputed that the bulk of the funds contained in the account were life insurance proceeds received by plaintiff upon the death of her son. Plaintiff's son had been murdered as a result of a murder-for-hire scheme orchestrated by the son's ex-wife, who is now incarcerated. Plaintiff, who has joint custody of the son's daughter, was allegedly holding those funds for the benefit of the child. Plaintiff contended, inter alia, that the funds belonged solely to her and that John's name was added to plaintiff's account for convenience purposes only. Plaintiff moved for summary judgment seeking a specified amount of money and prejudgment interest. Defendant opposed the motion and cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). Defendant appeals, and plaintiff cross-appeals from a judgment awarding plaintiff approximately $60,000. The judgment was entered after Supreme Court issued an order granting plaintiff's motion but denying her demand for prejudgment interest, and implicitly denying

defendant's cross motion.

While we agree with defendant that the court erred in granting plaintiff summary judgment and therefore modify the judgment accordingly, we reject her contention that the court erred in denying her cross motion.

There is no dispute that the account in which the funds had been deposited was designated a joint account. The sole question is whether that account was a convenience account, in which case the money deposited therein would be considered "the sole property of [plaintiff]" and could not be used to satisfy a judgment against John (*Matter of Grancaric*, 91 AD3d 1104, 1105; *see* Banking Law § 678). Otherwise, if the account was a joint tenancy account with a right of survivorship or a tenancy in common account, John would be deemed to have "an ownership interest in one half of the moneys deposited therein" (*Sperrazza v Kail*, 267 AD2d 692, 693; *see* § 675; EPTL 6-2.2 [a]; *cf. Matter of Timoshevich*, 133 AD2d 1011, 1012). Defendant contends that, by placing John's name on the bank account as a joint tenant, the account is presumed to be a joint tenancy account with a right of survivorship (*see* Banking Law § 675). We reject that contention. "Although the bank account is designated as 'joint,' the account documents do not contain the necessary survivorship language, and thus the statutory presumption of a right of survivorship does not apply" (*Matter of Degnan*, 55 AD3d 1238, 1239; *see Matter of Randall*, 176 AD2d 1219, 1219; *Matter of Camarda*, 63 AD2d 837, 838).

We agree with defendant that plaintiff failed to establish as a matter of law that she intended to create a convenience account (*see* Banking Law § 678), as opposed to either a joint tenancy account with right of survivorship (*see* § 675), or a tenancy in common account (*see* EPTL 6-2.2 [a]). In support of her motion, plaintiff submitted an affidavit in which she explained that, after the death of her son, she and her son's father agreed to split the life insurance proceeds, which had been disbursed to the son's father, and to use them for the benefit of their granddaughter. Plaintiff deposited her share, $155,643.36, into her personal savings account. The only other money in that account, $11,290.63, represented plaintiff's savings. Plaintiff had sole ownership and control of that account until early 2012, when she added John's name to the account before traveling out-of-state for the trial of her son's ex-wife. Plaintiff stated that she added John's name to the account because she was "fearful for [her] own safety" and "feared the risk of additional violence against [her]." Plaintiff wanted to make sure that, if anything happened to her, "the funds [would] be available for the welfare of [her] granddaughter." Those statements seemingly establish that plaintiff "did not have a present intention to transfer an interest in the [money] to [John], despite having placed his name on the [account]" (*Hom v Hom*, 101 AD3d 816, 817; *see Matter of Friedman*, 104 AD2d 366, 367, *affd* 64 NY2d 743; *Viggiano v Viggiano*, 136 AD2d 630, 631). Moreover, John made no deposits or withdrawals to the account, which also supports plaintiff's position that the account was opened as a matter of convenience only (*see Matter of Corcoran*, 63 AD3d 93, 97; *Viggiano*, 136 AD2d at 631).

Nevertheless, we conclude that plaintiff's statements raise a triable issue of fact whether she intended John to have a right of survivorship in the joint tenancy account.  Moreover, while the signature card's reference to a document stating that rights of survivorship are created when obtaining a joint bank account is insufficient to invoke the statutory presumption of Banking Law § 675 (*see Grancaric*, 91 AD3d at 1106; *Degnan*, 55 AD3d at 1239), it is a factor that may be considered when determining whether the bank account is a joint tenancy account with survivorship rights (*see Sutton v Bank of N.Y.*, 250 AD2d 447, 447).

We thus conclude that plaintiff failed to establish as a matter of law that the account was a convenience account, and thus the burden never shifted to defendant to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Although plaintiff failed to meet her initial burden of proof on the motion for summary judgment, we nevertheless conclude that the complaint states a cause of action for money had and received and that the court properly denied defendant's cross motion to dismiss the complaint (*see generally Gillon v Traina*, 70 AD3d 1443, 1444, *lv denied* 14 NY3d 711).

To the extent that plaintiff contends, as an alternative theory of affirmance, that the procedures utilized by the OCSE in executing the judgment against plaintiff's bank account were improper and denied her due process, we conclude that those contentions are not properly raised in this action against defendant for money had and received. We therefore do not address them.  We likewise do not address the contention raised by plaintiff on her cross appeal inasmuch as it has been rendered moot by our determination herein.

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court