(October 27, 2015)

■ ORIENT OVERSEAS ASSOCIATES, Appellant, v XL INSURANCE AMERICA, INC., et al., Defendants, and WESTPORT INSURANCE CORPORATION, Respondent. [18 NYS3d 381]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered March 3, 2014, as amended by order, same court and Justice, entered April 30, 2014, which granted defendant Westport Insurance Corporation's motion to dismiss the fifth cause of action in the original complaint as against it; and order, same court and Justice, entered September 4, 2014, which granted Westport's motion to dismiss the fifth cause of action in the amended complaint as against it and to recover

legal fees incurred in connection with that motion, unanimously affirmed, without costs.

This is an insurance dispute related to property damage caused by Hurricane Sandy to 88 Pine Street, known as Wall Street Plaza, located in lower Manhattan. Plaintiff owned, and defendant Cushman & Wakefield managed, the property. Defendants Westport Insurance Corporation, XL Insurance America, Inc., Ace American Insurance Company and Arch Insurance Co. each insured the property.

Plaintiff alleges that it submitted a preliminary claim to Westport, with sufficient proof to demonstrate that the physical damage to the property was in excess of a $5 million flood sub-limit in the policy, and to demonstrate other covered losses that far exceed $5 million. Plaintiff maintains that it has satisfied all terms and conditions of the policy, but Westport has failed to pay any part of its expenses.

In the original complaint, plaintiff asserted a breach of contract claim against each of the insurers and a second claim against Westport, for "unfair claim selling practices" (the fifth cause of action).

Westport moved to dismiss the fifth cause of action and accompanying claims for extra-contractual damages, consequential damages, legal fees, including attorneys' fees, and punitive damages on the ground that the fifth cause of action did not fit within any cognizable legal theory and therefore failed to state a cause of action. Westport also argued that recovery of attorneys' fees was expressly precluded by the terms of the policy.

In opposition, plaintiff argued that a claim for bad faith can be asserted separately from a breach of contract claim, but, to the extent the court disagreed, it sought leave to amend the complaint in order to consolidate its breach of contract and bad faith claims. Plaintiff explained that it sought attorneys' fees under the common law, which provides for their recovery from an insurer acting in bad faith, rather than under the policy.

By order entered March 3, 2014 (first order), the court dismissed the complaint as against Westport, and severed Westport from the case. The court reasoned that there is no separate cause of action for bad faith claims handling in New York, and concluded that consequential damages must be sought through a claim for breach of contract. The court granted plaintiff leave to replead its fifth cause of action. In addition, the court denied plaintiff's request for attorneys' fees based on the express terms of the policy, which precludes their recovery.

The court then amended the order to dismiss only the fifth

cause of action against Westport (and not sever Westport from the action); the amended order was entered April 30, 2014 (amended first order). Plaintiff appealed from both orders.

Thereafter, plaintiff filed and served an amended complaint that included the cause of action for unfair claim selling practices/bad faith claims handling as against Westport that had been dismissed in the amended first order.

In moving to dismiss the fifth cause of action in the amended complaint as identical to the fifth cause of action in the original complaint, Westport argued that plaintiff's inclusion of that cause of action was frivolous, entitling Westport to attorneys' fees. In opposition, plaintiff asserted that, in light of its pending appeal from the first order and amended first order, it included the claim in the amended complaint in order to preserve its rights.

By order entered September 4, 2014 (second order), the court granted Westport's motion to dismiss, as well as its request for attorneys' fees.

The court correctly dismissed the fifth cause of action, since the "unfair [or bad faith] claim selling practices" claim is duplicative of the breach of contract claim against Westport (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320 [1995]). The cases cited by plaintiff in support of a claim for "bad faith claims handling" actually involve claims for breach of the implied covenant of good faith and fair dealing (*see Forman v Guardian Life Ins. Co. of Am.*, 76 AD3d 886, 888 [1st Dept 2010]; *MBIA Ins. Co. v GMAC Mtge. LLC*, 30 Misc 3d 856, 865 [Sup Ct, NY County 2010]; *Bartlett v Nationwide Mut. Fire Ins. Co.*, 2013 WL 623497, *2-3, 2013 US DIST LEXIS 22320, *5-8 [WD NY, Feb. 19, 2013, No. 12-CV-435-A]; *O.K. Petroleum v Travelers Indem. Co.*, 2010 WL 2813804, *3, 2010 US DIST LEXIS 71465, *8-10 [SD NY, July 15, 2010, No. 09 Civ 10273(LMM)]).[1]

In *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.* (10 NY3d 187, 191 [2008]), while the Court mentioned that the plaintiff asserted a claim for "bad faith claims handling," it did not discuss that claim at all and, instead, focused its discussion on plaintiff's breach of contract claim seeking consequen-

---

1. In one case cited by plaintiff, *Estee Lauder Inc. v OneBeacon Ins. Group, LLC* (2012 WL 757029 [Sup Ct, NY County 2012]), the court referred to a proposed claim for bad faith coverage denial as being based in tort, but in doing so cited cases involving breach of contract or breach of the implied covenant of good faith and fair dealing (*see id.*, citing *Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 437 [1972], *cert denied* 410 US 931 [1973]; *Sukup v State of New York*, 19 NY2d 519, 521 [1967]).

tial damages. Thus, there is no compelling authority indicating that a separate, non-contractual claim exists for "bad faith claims handling."[2]

In some circumstances "[t]he very nature of a contractual obligation, and the public interest in seeing it performed with reasonable care, may give rise to a duty of reasonable care in performance of the contract obligations, and the breach of that independent duty will give rise to a tort claim" (*New York Univ.*, 87 NY2d at 316, citing *Sommer v Federal Signal Corp.*, 79 NY2d 540 [1992], in which the Court held that "a fire alarm company owed its customer a duty of reasonable care independent of its contractual obligations, and that notwithstanding a contractual provision exculpating the alarm company from damages flowing from its negligence, it could be held liable in tort for its gross failure to properly perform its contractual services" [87 NY2d at 317]). Further, "[w]here a party has fraudulently induced the plaintiff to enter into a contract, it may be liable in tort" (*id.* at 316). However, "where a party is merely seeking to enforce its bargain, a tort claim will not lie" (*id.*).

The two causes of action against Westport are duplicative. In the breach of contract cause of action, plaintiff alleges the existence of the policy, the physical damage to the property, plaintiff's satisfaction of all terms and conditions of the policy, including submitting claims to Westport, and Westport's refusal to pay plaintiff for its covered losses. In the "unfair claim selling practices" cause of action, plaintiff repeats all of the allegations made in support of the breach of contract claim and adds that Westport "has misrepresented to Plaintiff Orient and Defendant Cushman the applicable sub-limit and deductible." Plaintiff also alleges that, despite its having informed Westport that its expenses were greater than the disputed deductible amount, Westport "continues to refuse and has failed to pay any amounts due and owing under the [policy]," and "has committed unfair claims handling practice under the law of the State of New York and has further acted in bad faith."

By alleging that Westport "misrepresented" the "applicable sub-limit and deductible," plaintiff is complaining that Westport, in bad faith, has not performed their agreement in accordance with plaintiff's understanding of it. Thus, the fifth cause of action is in fact a contract claim and is duplicative of the fourth cause of action, which alleges breach of contract

---

**2.** It seems to us that plaintiff is straining to assert its claim under a non-contract theory since it seeks attorneys' fees which are precluded under the express terms of the policy.

against Westport (*see New York Univ. v Continental Ins. Co.,* 87 NY2d at 319-320).

Because the policy expressly precludes recovery for legal fees, plaintiff is not entitled to fees (*see Rossman v Windermere Owners LLC,* 111 AD3d 429 [1st Dept 2013]).

The court properly granted Westport's motion for legal fees incurred in connection with its motion to dismiss the fifth cause of action in the amended complaint. Plaintiff's inclusion in the amended complaint of a claim that had been dismissed from the original complaint constitutes frivolous conduct (*see* 22 NYCRR 130-1.1 [c] [1]). Since the amended complaint does not substantively alter the original complaint, it does not render moot plaintiff's appeal from the first order (*see Munn v New York City Hous. Auth.,* 202 AD2d 210, 211 [1st Dept 1994]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.