Sweetman v Suhr (2018 NY Slip Op 02111)





Sweetman v Suhr


2018 NY Slip Op 02111


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1537 CA 17-00578

[*1]ALICE ELAINE SWEETMAN, PLAINTIFF-APPELLANT,
v
SONJA G. SUHR, DEFENDANT-RESPONDENT. 






NIXON PEABODY LLP, ROCHESTER (DAVID H. TENNANT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered June 2, 2016. The order granted defendant's motion for a trial order of dismissal and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the complaint is reinstated and judgment is ordered in accordance with the following memorandum: Plaintiff's son was murdered in the State of Texas by a contract killer hired by the son's ex-wife. Plaintiff thereafter received a portion of her son's life insurance proceeds, and she deposited these funds in a bank account for the benefit of her son's now fatherless daughter. Before plaintiff traveled to Texas to testify at the capital murder trial of her late son's ex-wife, plaintiff added her husband, nonparty John C. Suhr (John), to the bank account as a matter of convenience to protect the money meant for her granddaughter. Plaintiff added John to the bank account because she feared retaliation while in Texas for the murder trial.
John, however, had a long outstanding child support judgment from 1995 against him in favor of his ex-wife (defendant). It is undisputed that plaintiff had nothing to do with this debt, and that she was not liable for it. Upon discovering the bank account in John's name, the Monroe County Office of Child Support Enforcement issued a property execution in favor of defendant and removed the funds necessary to satisfy the judgment, which by that point consisted of more interest than principal.
Plaintiff then commenced this action for money had and received, alleging that defendant possessed money that belonged to her and that, in equity and good conscience, defendant should not be permitted to retain the funds. Supreme Court, inter alia, granted plaintiff's ensuing motion for summary judgment on the complaint, but we modified that order by denying the motion on appeal (Sweetman v Suhr, 126 AD3d 1438 [4th Dept 2015]). At a subsequent nonjury trial, the court granted defendant's motion for a trial order of dismissal and dismissed the complaint, citing the statutory presumption set forth in Banking Law § 675. We now reverse.
Following a nonjury trial, the Appellate Division has "authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Here, we conclude that judgment should be rendered in favor of plaintiff, not defendant. Plaintiff's claim for money had and received "sounds in quasi contract and arises when, in the absence of an agreement, one party possesses money [that belongs to another and] that in equity and good conscience it ought not retain" (Gillon v Traina, 70 AD3d 1443, 1444 [4th Dept 2010], lv denied 14 NY3d 711 [2010] [internal quotation marks omitted]). The evidence at trial establishes that defendant possesses funds that were obtained from plaintiff's bank account to satisfy John's debt. The record further establishes, however, that John neither provided nor owned any of the funds in [*2]the account. Although John's name was eventually placed on the account along with plaintiff's, the uncontradicted evidence establishes that plaintiff added John's name solely as a matter of convenience, i.e., to allow John to write checks and administer the account on behalf of plaintiff's granddaughter should tragedy befall plaintiff while she attended the capital murder trial in Texas. It is clear from plaintiff's actions that she did not intend to grant John a present personal interest in its funds. Thus, the funds in the account belonged solely to plaintiff (see Matter of Friedman, 104 AD2d 366, 367 [2d Dept 1984], affd 64 NY2d 743 [1984]; Matter of Camarda, 63 AD2d 837, 838-839 [4th Dept 1978]; see generally Matter of Harrison, 184 AD2d 42, 45 [3d Dept 1992]), and defendant may not, in equity and good conscience, retain such funds in payment of a debt that plaintiff did not owe. Indeed, the equities weigh even stronger in plaintiff's favor given that the funds constituted life insurance proceeds from the murder of plaintiff's son, which were being held by plaintiff for the benefit of his fatherless daughter.
Contrary to defendant's contention, we did not determine in the prior appeal that the evidence was legally insufficient to sustain plaintiff's burden on her claim for money had and received. Rather, we determined only that there were triable questions of fact with respect to that claim (Sweetman, 126 AD3d at 1440). The trial has now occurred, and the evidence preponderates decidedly in plaintiff's favor.
Furthermore, and contrary to the court's determination, the presumption of joint account-ownership found in Banking Law § 675 does not apply. In the prior appeal, we explicitly stated that this particular "statutory presumption . . . does not apply" under these circumstances (id. at 1439 [internal quotation marks omitted]). That ruling is the law of the case, and the court therefore erred in dismissing the complaint based on the very statutory presumption that we held inapplicable in the prior appeal (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975], rearg denied 37 NY2d 817 [1975]).
In light of the foregoing, we reverse the order, deny the motion for a trial order of dismissal, reinstate the complaint and direct judgment in favor of plaintiff in the sum of $58,814.64, together with interest from March 26, 2012.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court