Matter of Hart (Brown) (2021 NY Slip Op 03180)





Matter of Hart (Brown)


2021 NY Slip Op 03180


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-08541

[*1]In the Matter of Clifford J. Hart, deceased. Jake Hart, etc., et al., appellants; Meryl Brown, respondent. (File No. 753/14)


Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY (Anthony J. Viola of counsel), for appellants.
Klein & Klein P.C., Suffern, NY (Michael L. Klein of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Meryl Brown petitioned pursuant to SCPA 2205 to compel an accounting and for related relief, and Jake Hart cross-petitioned to determine the validity of Meryl Brown's claim and separately petitioned pursuant to SCPA 2103 for the turnover of certain property and funds on behalf of the Estate of Clifford J. Hart, Jake Hart and Naomi Hart appeal from an order of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated June 18, 2019. The order, insofar as appealed from, granted Meryl Brown's cross motion for summary judgment on her petition and denied the separate motions of Jake Hart and Naomi Hart for summary judgment on Jake Hart's petition and cross petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 28, 2015, letters of administration c.t.a. were duly issued to Jake Hart (hereinafter the Administrator), the son of Clifford J. Hart, who died on November 14, 2014. In September 2015, Meryl Brown filed a verified claim asserting her entitlement to the decedent's 50% interest in a condominium located in Piermont (hereinafter the condo), which had been jointly purchased in 2013 by the decedent and Brown as tenants-in-common. By petition dated April 4, 2016, Brown petitioned pursuant to SCPA 2205 to compel an accounting, asserting that she had valid claims to the decedent's 50% interest in the condo, as well as some of the contents of the condo, including joint "Household Items," as such term was defined in a Property Agreement executed by Brown and the decedent on January 9, 2014 (hereinafter the Property Agreement), and certain personal items belonging to the decedent, which were listed in Exhibit B to the Property Agreement (hereinafter the Personal Items). By cross-petition dated April 22, 2016, the Administrator cross-petitioned to determine the validity of Brown's claim. The Administrator also separately petitioned, by petition dated April 22, 2016, pursuant to SCPA 2103 for the turnover to the estate of the disputed assets, as well as funds contained in a bank account jointly held by Brown and the decedent (hereinafter the Joint Account).
In July 2017, the Administrator moved for summary judgment on his cross petition and separate petition, and Brown cross-moved for summary judgment on her petition. After the [*2]Surrogate's Court, sua sponte, directed that the Revocable Living Trust of Clifford J. Hart (hereinafter the Trust) be added as a necessary party, Naomi Hart, as Trustee (hereinafter the Trustee), also moved, in February 2019, for summary judgment on the Administrator's cross petition and separate petition, and Brown submitted revised motion papers. In an order dated June 18, 2019, the Surrogate's Court granted Brown's cross motion for summary judgment on her petition and denied the motions of the Administrator and the Trustee for summary judgment on the Administrator's cross petition and separate petition. The Administrator and the Trustee appeal. We affirm.
The evidence submitted by Brown established, prima facie, that she had a valid ownership claim to the Household Items, which she and the decedent held as joint tenants with right of survivorship pursuant to the express terms of the Property Agreement (cf. PHH Mtge. Corp. v Burt, 176 AD3d 1242, 1244). In opposition, the appellants failed to raise a triable issue of fact.
As for the decedent's 50% interest in the condo, Brown established, prima facie, that the Property Agreement clearly reflected the intent of each party thereto to leave his or her interest in the condo to the surviving party, "by Will or other testamentary instrument," in the event of death. Here, the testamentary instrument used by the decedent to effect the intent expressed in the Property Agreement was the second restatement of the Trust agreement, section 3.3 of which made explicit reference to the Property Agreement and directed the Trustee "to comply with, and abide by, the terms of such [Property Agreement]." A "sympathetic reading" of the relevant instruments, with a view to ascertaining and effectuating the actual purpose of the decedent (Matter of Fabbri, 2 NY2d 236, 240), reveals that, upon the decedent's death, his 50% interest in the condo became an asset of the Trust pursuant to the pour-over provision of the decedent's will, and the Trustee therefore became obligated to "comply with, and abide by," the terms of the Property Agreement. In opposition, the appellants failed to raise a triable issue of fact.
As for the decedent's Personal Items, section 12(b) of the Property Agreement clearly provides that Brown, as the surviving party, shall have the use of the decedent's Personal Items until her subsequent death. Unlike the decedent's 50% interest in the condo, the Personal Items are "tangible personal property" within the meaning of section Fourth of the decedent's will, and are therefore probate property, rather than Trust assets. Nevertheless, paragraph Fourth(B) of the will expressly requires the personal representative of the estate to comply with the dispositive directions contained in any writing signed and dated by the decedent which makes "specific disposition of items of tangible personal property." As Brown correctly contends, the Property Agreement, which was signed and dated by the decedent and contains specific dispositive directions with respect to the Personal Items listed therein, falls within the ambit of paragraph Fourth(B) of the will (see id. at 239-240). In opposition, the appellants failed to raise a triable issue of fact.
Finally, with regard to the Joint Account, while we disagree with the Surrogate's Court's finding that the record evidence conclusively established Brown's right of survivorship with respect to the Joint Account, the appellants failed to establish, prima facie, that the Joint Account was a convenience account, rather than a joint tenancy account with right of survivorship (see Sweetman v Suhr, 126 AD3d 1438). Thus, the Surrogate's Court properly denied summary judgment on that branch of the Administrator's separate petition which was for the turnover of the funds contained in the Joint Account.
Accordingly, we affirm the order insofar as appealed from.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court