Upfront Megatainment, Inc. v Thiam (2025 NY Slip Op 00932)

Upfront Megatainment, Inc. v Thiam

2025 NY Slip Op 00932

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 652156/21 Appeal No. 3707 Case No. 2023-02613 

[*1]Upfront Megatainment, Inc., Formerly Known as Upfront Entertainment, Inc. et al., Plaintiffs-Respondents,
v
Aliune Thiam Professionally Known as Akon, Defendant-Appellant.

Shapiro Arato Bach LLP, New York (Cynthia S. Arato of counsel), for appellant.
Law Office of Alexander Sakin, LLC, New York (Alexander Sakin of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about December 16, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss so much of plaintiffs' first cause of action as sought reasonable attorneys' fees in prosecuting this action, unanimously reversed, on the law, with costs, and plaintiffs' first cause of action dismissed to the extent it seeks attorneys' fees.
Plaintiffs may not rely on defendant's confession of judgment, executed on May 28, 2020, to collect attorneys' fees. The instrument confessed judgment for, among other things, "reasonable attorney's fees incurred to enforce the judgment." However, on August 13, 2019, the Legislature amended CPLR 3218 to prohibit a party from enforcing a confession of judgment against a nonresident of New York State such as defendant (see L 2019 ch 214). The confession also was not an agreement to pay attorneys' fees, but at most was merely evidence of an agreement (cf. GEM Holdco, LLC v RDX Tech. Corp., 167 AD3d 491, 492 [1st Dept 2018]; Gillon v Traina, 70 AD3d 1443, 1443-44 [4th Dept 2010], lv denied 14 NY3d 711 [2010]).
Nor may plaintiffs rely on the parties' settlement agreement to obtain attorneys' fees. The agreement provided that in the event of a default of any settlement payment, plaintiffs "may file a confession of judgment" for the amount owed, plus interest, costs, "and reasonable attorney's fees actually incurred to enforce the judgment." Thus, the parties agreed that plaintiffs could receive attorneys' fees through the filing of the confession of judgment, which plaintiffs did not file. Moreover, the settlement agreement contemplated that plaintiffs could obtain attorneys' fees through, and only through, the process of enforcing the confession of judgment. Plaintiffs did not use that process; they brought this plenary action to enforce the settlement agreement. Absent any agreement, statute, or rule allowing plaintiffs to collect attorneys' fees for enforcing the settlement agreement, plaintiffs cannot not obtain them (see Rossman v Windermere Owners LLC, 111 AD3d 429, 429 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025